IN RE PAULSON's WILL: PAULSON, Executrix, Respondent, vs. PAULSON, Appellant.

*February 28—March 20, 1906.*

*Wills: Construction: Right of executor to appeal: Legacies: Contingent or vested: Intention of testator: Extrinsic evidence: Ambiguity: Identity of beneficiary: Constitutional law: Religious freedom: Condition in will: Requirement of legatee to attend church: Definiteness.*

1. An executrix is an aggrieved party within the calls of sec. 4031, Stats. 1898, and entitled to appeal from an order or judgment of the county court construing a will, and hence it is not error to deny a motion to dismiss her appeal.

2. Testatrix bequeathed a sum of money to her son, to be paid in fifteen yearly instalments, on condition that he attend the regular meetings of a certain church, and, by a subsequent clause, provided that, if the son did not try in good faith to carry out the condition, the sum so bequeathed should go to a charitable society. *Held,* that the will did not vest in the son absolute title to the bequest, but that it was the intention of the testatrix that the bequest should pass subject to the conditions specified.

3. In the construction of a will the intention of the testator as expressed therein must govern.

4. In an action to construe a will, extrinsic evidence is admissible to show that a bequest to a charitable society, having no ex-

istence under the name used in the will, was in fact intended 'for an organization incorporated under another name.

5. A provision in a will making payment of a legacy conditioned upon the beneficiary having regularly attended a named church is not contrary to public policy, nor does it infringe the provisions of art. I, sec. 18, Const., declaring that the right of every man to worship according to the dictates of his own conscience shall never be infringed, and that no one shall be compelled to attend, erect, or support any place of worship or to maintain any ministry against his consent, and that the control of or interference with the right of conscience shall not be permitted.

6. Testatrix bequeathed $1,500 to her son, payable in equal annual instalments for a period of fifteen years, provided he should attend regular meetings of a named church. A subsequent clause provided that, if the son did not try in good faith to carry out the condition, the "$1,500" should go to a certain charitable society, to be paid in fifteen equal annual instalments commencing five years after testatrix's death. *Held:*

(1) The bequest was not void for uncertainty or indefiniteness.

(2) The questions as to whether the son had attended "regular meetings" of the church, or if he had not attended was excusable, were properly for the determination of the court, should judicial determination be necessary.

(3) The conditions attached, at least, during the time the fifteen annual payments were to be made.

(4) The provision for the payment of the "$1,500" over to the society referred to the portion remaining unpaid at the time of the son's default.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This action was brought for a construction of the will of Mary J. Paulson, of Cashton, Monroe county, Wisconsin, which reads as follows:

"First. After the payment of my just debts, funeral charges, and expenses of administration, I hereby give and bequeath to the Norwegian Home and Foreign Missionary Association the sum of four hundred ($400) dollars, to be paid by the executrix hereof in four equal annual payments.

"Second. I hereby give and bequeath to my beloved son,

*Peter Paulson,* the sum of fifteen hundred ($1,500) dollars, to be paid to him by said executrix in fifteen annual payments. This bequest is made conditional that my son attend the regular meetings of worship of the Emanuel Church near the village of Cashton, Wisconsin, when not sick in bed, or prevented by accident or other unavoidable occurrence.

"Third. In case my said son should die before the expiration of fifteen years, the remainder of said fifteen hundred ($1,500) dollars shall be paid by the said executrix to his children share and share alike.

"Fourth. If my son does not try in good faith to comply with my wishes in carrying out the above condition upon which his legacy is based, in that case I give and bequeath said fifteen hundred ($1,500) dollars to the Norwegian Lutheran Home and Foreign Missionary Association, to be paid by my said executrix in fifteen equal annual payments, commencing one year after the last payment mentioned in the first clause of this will.

"Fifth. I hereby give, devise, and bequeath all the rest, residue, and remainder of my property and estates of whatsoever kind unto my beloved daughter, *Matilda Paulson,* with whom I have lived and from whom I have received such thoughtful consideration and tender care in my declining years.

"Sixth. I hereby nominate, constitute, and appoint my beloved daughter *Matilda* sole executrix of this my last will and testament without bond, and authorize and empower her to settle, compound, or compromise any claim in favor of or against my said estate.

"In witness whereof I have hereunto set my hand and seal this 11th day of September, 1903.

her<br>"MARY × J. PAULSON.    [Seal.]"<br>mark

Appellant applied to the county court of Monroe county asking that the bequest to him be construed, and the court held that the conditions attached to such bequest were void. Executrix appealed to the circuit court. Appellant moved to dismiss appeal on the ground that the executrix could not appeal, which motion was denied. The circuit court found that

the conditions attached to the bequest to appellant were valid, and directed judgment accordingly, which was entered, from which this appeal is taken.

*A. H. Smith,* of counsel, for the appellant.

*Thorwald P. Abel,* for the respondent.

. KERWIN, J.  1.  The question raised by the first assignment of error is whether the circuit court erred in not granting the motion of appellant to dismiss the appeal of the executrix from the order and judgment entered by the county court.  It is plain from a reference to sec. 4031, Stats. 1898, that the executrix, *Matilda Paulson,* was an aggrieved party within the meaning of the statute, and as such entitled to appeal. This question was directly passed upon by this court in the late case of *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489, and it was there held that an executor or administrator is an aggrieved party within the meaning of the statute, and has a right to appeal.  The court below, therefore, was right in denying the motion to dismiss the appeal.

2.  The court found, in effect, that the will was duly executed, and that the testatrix during her lifetime was a member of the Emanuel Church, two and one-half miles from Cashton, Wisconsin, and contributed to its support, which church was known as the "Moen Church;" that appellant, *Peter Paulson,* was also a member of such church, and that the testatrix paid his membership dues in the church during the year prior to her death; that there is no society known as the "Norwegian Home and Foreign Missionary Association," but that there is a society known as "The Home and Foreign Missions of the United Norwegian Lutheran Church of America," and that such society was connected with the Emanuel Church two and one-half miles southwest from Cashton; that the testatrix contributed to this society, and stated during her lifetime that she was going to make a gift to it; and, as conclusions of law, that the testatrix intended to make a bequest of

$1,500 to *Peter Paulson* upon the condition that he attend the regular meetings of Emanuel Church two and one-half miles southwest from Cashton, known as the "Moen Church," when not sick in bed or prevented by accident or other unavoidable occurrence; that by the fourth clause of said will the testatrix intended to and did give the bequest over to the Home and Foreign Missions of the United Norwegian Lutheran Church of America; and that the conditions annexed to the bequest to *Peter Paulson* in the second clause of the will were valid.

The errors complained of by appellant under these findings of fact and conclusions of law involve the following propositions: First. Whether the findings of fact are borne out by the will and the evidence.  Second. Whether the will vested in *Peter Paulson* an absolute title to the gift at the death of the testatrix.  Third. Whether the testatrix gave, or intended to give, the *Peter Paulson* bequest over to the Home and Foreign Missions of the United Norwegian Lutheran Church of America.  Fourth. Whether the conditions annexed to the bequest to *Peter Paulson* are valid.

After a careful examination of the record we are convinced that the findings of fact are fully supported by the evidence, and therefore shall spend no time upon this branch of the case.  We are unable to agree with counsel for appellant that the will vested absolute title to the $1,500 legacy in *Peter Paulson*.  The first and most important question for determination is, What was the intention of the testatrix? and we think it clear from the terms of the will that it was her intention that the legacy should pass subject to the conditions specified.  The provision that, if *Peter Paulson* should not in good faith try to comply with the terms imposed upon him, then and in such case the bequest should go over to the society named in the will, to be paid by the executrix in fifteen equal annual payments, commencing five years after the death of the testatrix, makes manifest her intention that

the legacy was upon condition attached to such gift, as found by the court below, and that the control and management of the legacy should remain with the executrix until the condition should be performed, or, in case of *Peter's* death during the fifteen years, the unpaid portion of such bequest should go to his children, share and share alike. It is true that legacies payable at a future time certain and not subject to condition precedent are vested, while, on the other hand, legacies made payable on conditions which may never happen and placed in the possession and under the control of a trustee and subject to condition precedent are contingent. *Scott v. West,* 63 Wis. 529, 566, 24 N. W. 161, 25 N. W. 18. And, when a future time for the payment of a legacy is defined by the will, the legacy may be vested or contingent as may appear to have been the intention of the testator upon a proper construction of the will. *Stark v. Conde,* 100 Wis. 633, 76 N. W. 600, and cases cited. But in all cases the intention of the testator as expressed in the will must govern. And it is quite clear in the case before us that the testarix intended the conditions should attach to the gift and defeat it upon failure on the part of the legatee to perform. For the purpose of enabling the executrix to carry out the trust in accordance with the terms of the will, the testatrix manifestly intended that possession and control of the bequest to *Peter Paulson* should remain in the executrix during the period necessary for the execution of the trust. *Scott v. West, supra.* The gift over to the Home and Foreign Missions of the United Norwegian Lutheran Church of America, in case of failure of performance of conditions by *Peter Paulson,* is definite and certain, and the intention of the testatrix clearly was that the gift over to this society was intended, although another name was inadvertently inserted in the will. Extrinsic evidence was admissible to explain the ambiguity. *Webster v. Morris,* 66 Wis. 379, 28 N. W. 353; *Sherwood v. Sherwood,* 45 Wis. 357. It is considered that the court below

was right in determining that the testatrix intended to make, and did make, the bequest to *Peter Paulson* upon the condition named in the will.

3. The main contention on the part of the appellant, and the one upon which he seems to rely for reversal, is to the effect that the condition attached to the bequest to *Peter Paulson* requiring him to "attend the regular meetings of worship of the Emanuel Church near the village of Cashton when not sick in bed or prevented by accident or other unavoidable occurrence," is void for the reasons (1) that it infringes art. I, sec. 18, Const.; (2) that it is void for uncertainty and indefiniteness.

Under the first head it is insisted that the condition referred to is repugnant to the constitutional provision that "the right of every man to worship Almighty God according to the dictates of his own conscience shall never be infringed, nor shall any man be compelled to attend, erect, or support any place of worship or to maintain any ministry against his consent, nor shall any control of or interference with the right of conscience be permitted. . . ." It is not easy to see how the conditions attached to the will in any manner infringe this constitutional provision. The condition in question is neither against public policy nor contrary to law, nor can it be said that it interferes with the right of the legatee to worship God according to the dictates of his own conscience. The testatrix had the right to dispose of her property in such lawful manner as she saw fit, and make such person as she desired the object of her bounty, and in so doing attach to the bequest any lawful condition. She attached to the bequest in question a condition that the legatee attend the regular meetings of her church and the church to which he also belonged, so far as the evidence shows. We are unable to see that this condition contained anything against public policy or was unlawful. The testatrix has the right to so dispose of her property, and the legatee might accept or reject

the gift voluntarily, without restriction upon his will or coercion of his conscience. In *Barry v. Order of C. K.* 119 Wis. 362, 96 N. W. 797, where the articles of incorporation and the constitution of a benefit society organized for the sole benefit of the members of the Roman Catholic Church provided that none but practical Catholics could be admitted, and must remain such in order to participate in the benefits, the applicant, having agreed that upon failure to conform strictly to the constitution he should forfeit all right of membership and benefits, afterwards failed to comply with the conditions, and was excommunicated and ceased to be a Catholic, and it was held that all liability on a benefit certificate ceased, and that the provisions mentioned were not contrary to public policy, and did not interfere with any rights of conscience and imposed no religious test within the meaning of the constitution. The cases appear to be quite uniform on the subject, and hold that such provisions are not unlawful or against public policy, or any infringement of the constitutional provisions referred to. In *Magee v. O'Neill,* 19 S. C. 170, 45 Am. Rep. 765, where the bequest was on condition that the beneficiary be educated in the Roman Catholic faith, the court said:

"The power of disposition is general. The power to give includes the right to withhold or to fix the terms of gift, no matter how whimsical or capricious they may be, only provided they do not in any way violate the law. Mr. Magee, in his lifetime, could have given money to educate his granddaughter at a particular school, or he could have withheld it at his pleasure. Suppose he had entered into a covenant with Elizabeth or her mother that, if she was educated at a particular school named and under certain religious influences, he would, upon her attaining twenty-one years, pay to her $5,000. We suppose that, if she were not so educated, she could not go into the court and recover the money. Suppose, further, that before the time for payment arrived John Magee had died; would that strengthen her claim to recover the money against his personal representatives? We are unable

to see any material difference in regard to the necessity of complying with the terms imposed between this supposed case and that of a voluntary gift by will."

The provisions in *Girard's Will* (*Vidal v. Girard's Ex'rs,* 2 How. 127), excluding all ecclesiastics, missionaries, and ministers, of any sort, from holding or exercising any station or duty in the college, or visiting it, or the limitation of the instructions to be given to the scholars to pure morality, general benevolence, sobriety, and industry, were not so derogatory and hostile to the Christian religion as to render the devise void; and in *Barnum v. Baltimore,* 62 Md. 275, the court held that a devise on condition that the devisee withdraw from the priesthood of the church, or from any society connected therewith, was not unlawful. In *In re Knox* (1889) 23 L. R. (Ir.) 542, it was held that a gift to a son on condition that he should marry a Protestant wife, the daughter of Protestant parents, who have always been Protestants, was held to be valid. But it is unnecessary to pursue further the authorities upon this subject. We think it is well established that the condition is not contrary to public policy and does not infringe the constitutional provision. *Barry v. Order of C. K.* 119 Wis. 362, 96 N. W. 797; *Vidal v. Girard's Ex'rs, supra; Barnum v. Baltimore, supra; Dickson's Trust,* 1 Sim. N. S. 37; *Spencer v. See,* 5 Redf. 442; *In re Knox, supra; Mazurkiewicz v. St. Adelburtus Aid Soc.* 127 Mich. 145, 86 N. W. 543; *Franta v. Bohemian R. C. C. U.* 164 Mo. 304, 63 S. W. 1100.

Nor do we think the contention that the condition is void for uncertainty and indefiniteness tenable. It is said there is nothing to indicate when the attendance at church is to commence, nor how long it is to continue, nor who is to judge whether *Peter Paulson* has attended the "regular meetings" of the church named, and, if he has not attended, who is to be the judge whether or not he was "sick in bed." But we think all of these questions are properly for the determination of

the court in case judicial determination should be necessary. It does not seem that they are incapable of judicial determination, or that the conditions are so uncertain and indefinite that a court could not determine whether they had been performed. The church is designated. The regular meetings required to be attended are specified. And, while the period of time of attendance is not stated, we think it a proper matter of judicial determination under all the terms of the will. It is reasonable to suppose, in view of the fact that the will provides fifteen annual payments, that the conditions upon which these payments are based should be performed during that period of time at least. It was also suggested at the bar that the proviso for paying the whole amount over to the society in case of default on *Peter Paulson's* part was indefinite, since the whole amount could not be paid if a portion had been paid to *Peter* in annual instalments before default. We think the will must be construed to mean that such portion as remained unpaid at time of default should be paid over to the society, and that the performance of the conditions should be continued during the fifteen years designated for the payment of the legacy. In construing this clause, as in all other questions of construction, the intention of the testatrix must be sought for, and it is very obvious that the inducement for the bequest to *Peter* was that he be and continue to be a practical member of her church and a regular attendant, not for a limited time, but continually, at least for the period covered by the annual payments; and it is not reasonable to suppose that she intended that payments should continue in default of the performance of the conditions, the main object of the gift obviously being that he continue such attendance. Moreover, the plain meaning of the language that he attend the regular meetings without limitation as to time must be held to mean, under the circumstances of the case, to require such attendance during the period designated for the payment of the bequest. We think, therefore,

that it was the intention of the testatrix that *Peter* should continue to perform the conditions of the will during the period of fifteen years while the bequest was being paid to him, and that, if during said time he should fail to do so, the remaining portion of the $1,500 should be paid over to the society named in the will in the manner designated, and, if *Peter* should die before the expiration of fifteen years, the remainder should be paid to his children, share and share alike. We are therefore of the opinion that the judgment below should be affirmed.

*By the Court.*—Judgment affirmed.