BUSSELL and others, Appellants, vs. WRIGHT, Trustee, Re--
spondent.

*October 19—November 5, 1907.*

*Wills: Trust estate: Power of court to terminate.*

1. Where it appears from a will that the intention of the testator
   was that the trustee should execute the trust founded, courts
   have no power to frustrate that intention and devise a different
   method of execution.

2. By the terms of a will the duration of a trust would extend several years into the future and its execution was specially imposed upon a named trustee. The residue of testator's property was devised to the trustee, his successors and assigns forever, in trust "for the performance of this my will concerning the same." There were also specific provisions setting aside funds for the benefit of persons named, payable at certain times, with directions as to investment and accumulation. The residuary clause directed payment to parties named "if alive, and to such as are alive at the date of such payments, share and share alike, the issue of any one deceased to take the share which the parent, if living, would have taken." *Held*, that the court had no authority, even on the application of all the parties beneficially interested, to terminate the trust and distribute the funds.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed*.

W. C. Bussell, of La Crosse, Wisconsin, made his will dated June 13, 1896, and codicil dated August 15, 1896, and died November 13, 1896. By said will he disposed of a large amount of property in the form of legacies and trusts. The specific legacies have been paid and some of the trusts executed. This action was brought by the parties interested in the trust fund against the trustee for the purpose of decreeing a determination of the remaining trusts which have not ceased by expiration of time and. for a distribution of the trust fund among those entitled thereto. The portions of the will necessary to be considered upon this appeal are the following:

"Sixteenth. I give, devise, and bequeath all the rest, residue, and remainder of my estate and property, real, personal, and mixed, whether situate and being in the state of Wisconsin, or elsewhere, unto Marcellus B. Greenwood, of La Crosse, Wisconsin, his successors, heirs and assigns forever; but in trust, nevertheless, for the performance of this my will concerning the same, that is to say: . . .

"(4) To set aside the sum of five thousand dollars as a fund for the benefit of said *Leslie Joseph Bussell,* to add the interest thereon each year to the principal to pay to said

*Leslie Joseph Bussell* from said fund five hundred dollars when he shall be twenty-one years old, to pay him one half of the balance of said fund when he shall be twenty-five years old, and to pay him the remainder of said fund when he shall be thirty years old.

"(5) To set aside the sum of five thousand dollars for the benefit of *Ethel A. Gerrish,* of Grand Meadow, Minnesota, and pay her one thousand dollars at once; to invest the remaining four thousand dollars for her benefit and pay the income thereof to her each year until her marriage, when he shall also pay her one thousand dollars; three years after her marriage he shall again pay her one thousand dollars from said fund; six years after her marriage he shall also pay her one thousand dollars from said fund, and shall pay her the balance thereof nine years after her marriage. In case she should not marry within three years after the first cash payment above directed to be paid her, then, in addition to said first cash payment, the balance of said fund shall be paid her as follows: One thousand dollars in three years after the first cash payment; one thousand dollars in six years after the first cash payment; one thousand dollars in nine years; and the balance in twelve years after said first cash payment. The annual income of said fund shall not be paid to said *Ethel E. A. Gerrish* each year subsequent to her marriage, or if she be not then married then, subsequent to three years from the first cash payment herein directed to be made to her, but shall be added each year to said fund, but if said *Ethel E. A. Gerrish* shall die before the completion of said payments leaving issue surviving her, then such payments as would have been made to her had she lived, but are not made to her on account of her death, shall be made to such issue in the same manner and amounts as they would have been made to said *Ethel E. A. Gerrish* had she survived, provided said issue live long enough for said payments to be completed. In case of the death of said *Ethel E. A. Gerrish* without leaving issue surviving, or before the completion of said payments as herein directed to be made to her, then the balance remaining unpaid to her of said fund shall be added to the general trust fund hereby in this will created.

"(6) To pay to the eight children of Mary E. Martin late

of Oakfield or Buileiglo, Aroostook Co., Maine, deceased,
viz.: *Nelson C. Martin, Frances Mabel Martin, Bertha Mar-
tin, Edith Martin, Lucy H. Martin, Lizzie Bell Martin.
Preston Martin,* and *Marian Martin,* all of Oakland or
Buileiglo, Aroostook County, Maine, to each of them one
thousand dollars, making eight thousand dollars in all, when
they shall have respectively reached the age of twenty-one
years; that is, the share of each shall be paid as each one
becomes twenty-one years old. In case of the death of either
of said children before becoming twenty-one years old with-
out leaving lawful issue, then his or her share shall be paid
to his or her surviving brothers and sisters (they being of the
age of twenty-one years) share and share alike.

"(7) To set aside the sum of seven thousand dollars as a
fund for the benefit of my niece *Abbie G. Hestad,* of Grand
Meadow, Minnesota, and to pay her out of the same the sum
of one thousand dollars at once; to invest the remaining six
thousand dollars and add the income thereof to the principal
each year, to begin at the end of two years from said pay-
ment of one thousand dollars, and pay her four hundred
dollars out of said fund each year payable quarterly, and
make such payments each year up to the end of fifteen years
from said payments, of one thousand dollars, when he shall
pay her one half of said fund then remaining, to begin again
at the end of one year from the last payment above directed
to be made and pay her out of the remainder of said fund
four hundred dollars each year payable quarterly until twenty
years shall have elapsed since said first payment of one thou-
sand dollars, provided said fund shall not be sooner ex-
hausted, and to then pay her the balance, if any, of said
fund; provided, however, that in case of the death of said
*Abbie G. Hestad* at any time prior to the time above limited,
or said last payments, the balance of said fund then remain-
ing shall revert to and become part of said general trust fund,
to be disposed of as otherwise herein directed; provided that
if said *Abbie G. Hestad* shall die before said payments are
completed, leaving issue surviving her, then said trustee
shall pay to such issue such sums as he would have paid to
said *Abbie G. Hestad,* had she been alive, such payments to
cease, however, on the death of said issue, if it should occur
before the completion of said payments.

"(8) To pay all the residue of said trust fund of my es-
tate to the following persons hereinbefore named, to-wit:
Charles T. Bussell, Albert G. Bussell, Harry B. Bussell,
*Beulah C. Bussell, Marion Bussell, Alien* or *Aileen Bussell,*
Charles E. Bussell, *Herbert E. Bussell, Leslie Joseph Bus-
sell, Ethel E. A. Gerrish,* and *Abbie G. Hestad,* if alive, and
to such as are alive at the date of such payments, share and
share alike, the issue of any one deceased to take the share
which the parent if living would have taken. I give to said
trustee full power to sell and convey real estate wherever
situate to carry into effect the provisions of this my will.

"In case said trusteeship shall become vacant from any
cause, then I direct that such vacancy be filled by appoint-
ment of the circuit court for said county of La Crosse, and
such trustee or trustees so appointed by said circuit court
shall have the same power and be subject to the same obliga-
tions as the trustee herein appointed.

"I nominate and appoint Marcellus B. Greenwood, of La
Crosse, Wisconsin, to be the executor of this my last will and
testament, with power to sell and convey real estate wher-
ever situate."

Articles 1, 2, 3 of the codicil read as follows:

"(1) I will and direct that the trustee named in said will
shall care for, manage, and invest all of said trust fund and
estate given, devised, and bequeathed to him in trust in and
by said will during the continuance of said trust.

"(2) That said trust shall continue until all the specific
legacies, devises, and funds named in said will have been
paid, transferred, and conveyed as directed in said will.

"(3) And that then and not until then the residue of said
estate and general trust fund and property shall be paid to
the persons and in the proportions as in said will directed."

The property held in trust at the time this action was com-
menced amounted to upwards of $200,000, and the time for
the execution of the trust had not expired nor had the trust
been executed. The facts are undisputed. The only issue
is that of the authority of the court to grant the parties any
relief. The court below found the facts as alleged, but de-
nied all relief, being of the opinion that it had no authority

or discretion to terminate the trust or grant any relief whatever to the plaintiffs or any of them, and judgment was entered for defendant, from which this appeal was taken.

For the appellants there was a brief by *Higbee & Higbee* and *Brown, Abbott & Somsen,* and oral argument by *W. D. Abbott.*

For the respondent the cause was submitted on the brief of *Burdette Thayer.*

KERWIN, J.   There appears to be no controversy between the parties before the court on this appeal.   The legatees and trustees seem willing that the trust be terminated and provision made by the court for the disposition of the property held in trust.   Counsel on both sides maintain that the title of the residuary legatees vested at the time of the testator's death, and if so the trust should be terminated.   Counsel for respondent says in his brief:

"If from an inspection of the will it appears that the testator intended to vest the residuary legacy at the time of the testator's death, the trust should be terminated; otherwise not."

We shall spend no time in discussing the question of the vesting of the residuary legacy, because we regard the question not material to the decision of this case.   The paramount question is: What was the intention of the testator respecting the execution of the trust as gathered from an inspection of the will?   If it appears from the will that the intention of the testator was that the trustee should execute the trust founded, courts have no power to frustrate that intention and devise a different method of execution.   This would be to substitute the judgment of the court for the judgment of the testator in the distribution of his bounty.   The rule that the intention of the testator must govern has been often laid down by this and other courts, and further discussion of it would seem unnecessary.   *Scott v. West,* 63 Wis. 529, 24

N. W. '161, 25 N. W. 18'; *Stark v. Conde,* 100 Wis. 633, 76 N. W. 600; *Smith v. Smith,* 116 Wis. 570, 93 N. W. 452; *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786; *Sherwood v. Sherwood,* 45 Wis. 357; *Davies v. Davies,* 109 Wis. 129, 85 N. W. 201; *Swarthout v. Swarthout,* 111 Wis. 102, 86 N. W. 558; *In re Moran's Will,* 118 Wis. 177, 96 N. W. 367; *In re Paulson's Will,* 127 Wis. 612, 107 N. W. 484; *Stephenson v. Norris,* 128 Wis. 242, 107 N. W. 343; *In re Bouck's Will,* ante, p. 161, 111 N. W. 573; *Pabst v. Goodrich,* ante, p. 43, 113 N. W. 398.

By the express terms of the will three specific trusts remain yet unexecuted, namely, the *Gerrish* trust, the *Martin* trust, and the *Heslad* trust. The terms of the will extend the time for the execution of the trust several years into the future, and the duty of carrying out the provisions of the will respecting these trusts is in express terms imposed upon the trustee, not only by the will, but also by the express provisions of the codicil, wherein it is provided that the trustee shall care for, manage, and invest all of the trust fund during the continuance of the trust, and that the trust shall continue until all the devises and funds named in the will have been paid, transferred, and conveyed as directed, and not until then shall the residue and general trust fund and property be paid to the persons and in the proportions as directed in the will. So it is very plain that the testator intended that the trust should continue and be carried out by the trustee until fully executed, and this purpose and scheme of the testator cannot be disregarded by courts. Aside from the fact that the duration of the trust by the terms of the will extends many years into the future, the execution of it, under the terms and contingencies named, is specially imposed upon the trustee. All the residue is devised to the trustee, his successors and assigns forever, in trust "for the performance of this my will concerning the same." Then follow specific provisions setting aside certain funds for the

benefit of persons named, to be paid at certain times, and to invest sums and pay the same and accumulations at stated times; and by the residuary clause to pay to certain parties named, "if alive, and to such as are alive at the date of such payments, share and share alike, the issue of any one deceased to take the share which the parent if living would have taken." It is very plain that the time has not expired during which the trust is to exist, nor has the trustee performed all his duties. It is true that in a proper case a trust may be terminated before the expiration of the time limited in the instrument creating it when all parties are before the court, and there is no prohibition, express or implied, against such termination (*Holmes v. Walter,* 118 Wis. 409, 422, 95 N. W. 380), or where the trustees have performed all their duties and distributed the fund as directed (2 Perry, Trusts, 5th ed. § 920). But we have no such case here. To order a termination of the trust in the case before us, or make other provisions for the execution if it than those clearly defined on the face of the instrument creating the trust, would be a clear disregard of the intention of the testator. We are therefore of the opinion that the judgment of the court below should be affirmed.

*By the Court.*—The judgment is affirmed.