## AMORY VS. AMORY and another.

(1–6.) PRACTICE: *Question whether appellant from county court had a right to appeal; how raised and how determined. Form of affidavit.*
(7–12.) EVIDENCE: *Record in divorce case, as evidence of subsequent status of defendant.*

1. The objection that one who has appealed to the circuit court from a decision of the county court, has no right to appeal, because not aggrieved by the decision even if erroneous, is properly taken by motion to dismiss the appeal.

2. Such motion should be based on affidavits, with any papers necessary to show the facts relied upon.

3. If, in such case, any serious or doubtful question of fact arises, an issue may be made up, and the verdict of a jury taken.

4. The effect of the record of a suit and judgment in a court of another state (or the question what it proves), is to be determined *by the court.*

5. Where an appeal from a decision in probate was taken by one who claimed the right as widow of the testator, and a motion to dismiss the appeal, on the ground that she was not such widow, was based upon an exemplified copy of the record in a divorce suit, the court did not err in deciding the question of fact without a jury.

6. A statement in an affidavit of appellant's attorney, that "appellant claims and alleges" certain facts, is not evidence of such facts.

7. Proof that the court which rendered a judgment in a divorce suit was one of limited jurisdiction, is not sufficient to show that it had not jurisdiction of the divorce suit.

8. The court in which an action is brought may grant any relief consistent with the case made, without any prayer for relief, or different from that prayed for.

9. The prayer of an answer that the complaint may be dismissed, does not preclude the court from adjudicating specially upon any fact set up in the answer as the ground of such relief.

10. A judgment of dismissal, after a hearing upon the merits, is conclusive upon the plaintiff as to all facts involved in the issue.

11. In an action by said appellant in 1860, for a divorce from said testator, the complaint averred that the parties were married on or about a specified day, and subsequently cohabited as man and wife; the answer denied that they were *ever* married, and denied the cohabitation, and prayed that the complaint be dismissed; the referee for trial reported that they were not married at the time alleged, nor at any time; and the court confirmed the report, and adjudged that the parties had never been married, and that the plaintiff was never the wife of the defendant. *Held,* that in the absence of any proof or suggestion of a subsequent marriage, the record is conclusive that said appellant is not the widow of said testator.

12. Said appellant, after said decree was rendered in her suit for divorce, moved to set it aside, on the ground that the fact of marriage had been adjudged in a previous partition suit, by which judgment the

defendant in the divorce suit was estopped from denying the marriage; but the court refused to set aside the decree, and no appeal was taken. *Held*, that the status of the parties at the time of the decree is conclusively determined by it, whatever may have been the ground of the refusal to set it aside.

APPEAL from the Circuit Court for *Fond du Lac* County.

A paper writing, dated August 3, 1868, and purporting to be the last will of James Amory, deceased, was presented for probate to the county court of said county by *Samuel B. Amory* and *John Amory*, who were named as executors therein. On the 25th of October, 1868, there was filed in said county court an affidavit of *Angelina Amory*, which states "that she is the widow of the testator, *James Amory*," and "that it is her purpose to contest the probate of said will;" and also states certain facts as grounds for an application to have the hearing in the matter of the probate of said will postponed, to enable her to procure testimony. On the 18th of November, which was the day originally fixed for the hearing, the executors and *Angelina Amory* appeared by counsel; and *Mrs. Amory* having asked for a continuance for one month, the executors objected, on the ground that there was no proof that there was a widow of the testator in existence, or that the party asking for a continuance was in any way interested in the estate. The hearing was postponed until December 18, 1868, when said will was admitted to probate, and letters testamentary were issued to said *Samuel B.* and *John Amory*. On the 5th of February, 1869, *Angelina Amory* filed an appeal bond, approved by the county judge, and served a notice of appeal upon the parties interested adversely, as directed by an order of said county court. In said notice and order the appellant was designated as the "widow of said James Amory." The record of the county court was not filed in the circuit court until July 16, 1869. At the October term of the circuit

court next succeeding, the executors moved to dismiss the appeal, basing the motion upon the affidavit of *John* and *Samuel B. Amory*, and that of Edward S. Bragg, Esq., the record on file in the appeal, and an exemplified copy of the record in an action of divorce between *Angelina* and *James Amory*, and of the petition of said *Angelina* (with the proof on which it was based) to set aside the judgment in said action of divorce, and for a new trial, and the order of the court denying the same. One of the grounds assigned for the motion to dismiss the appeal was, that the appellant had no interest in the subject-matter of the appeal; the others became unimportant here, as did also the affidavit of Mr. Bragg. The affidavit of *John* and *Samuel B. Amory* identified the testator and the appellant with the James and *Angelina Amory* named as parties in said divorce suit. The character of the record in the divorce suit, and the statements contained in counter-affidavits used upon the hearing of the motion to dismiss, will sufficiently appear from the opinion. The circuit court denied the motion to dismiss the appeal; and from this order the proponents of the will appealed.

*Edward S. Bragg*, for appellant, argued, in substance, that if *Angelina Amory* was not the widow of James Amory, she was not aggrieved by the decision of the probate court, and could not appeal from it, and the appeal should be dismissed (R. S. ch. 117, sec. 24; *Strong v. Winslow*, 3 Chand. 21; *Ward v. Clark*, 6 Wis. 509); and that in determining that preliminary question, where it depended upon the effect of a record like that presented in this case, it would be useless for the court to ask the intervention of a jury. *Cooley v. Gregory*, 16 Wis. 303; *Spafford v. Janesville*, 15 id. 475; *McDonald v. Falvey*, 18 id. 571; *Hall v. Williams*, 6 Pick. 232. To the point that the sentence in a matrimonial suit is conclusive as an adjudication of the *status* of the parties, he cited 2

Smith's L. C. (6th Am. ed.) 670, 687; *Meddowcroft v. Huguenin*, 4 Moore's P. C. C. 386; *Perry v. Meddowcroft*, 10 Beav. 122; Ca. temp. Hardwicke, 11. As to the difference between a court of general, and one of limited jurisdiction, in respect to the effect of their judgments in evidence, he cited 2 Am. L. C. 767, et seq.; but contended that the superior court of the city of New York is a court of general jurisdiction. Voorhies' Code, p. 45, notes to sec. 33. He further argued that the affidavits for *Angelina Amory* did not properly deny the jurisdiction of the court, or allege fraud in the entry of the judgment. He further argued that one of the parties to a judgment, who had appeared in the action, cannot be heard to attack the judgment for fraud in the courts of another state, but must apply to the court which pronounced the judgment to vacate it. *Prudham v. Phillips*, Ambler, 763; 1 Phil. Ev. (2d ed.) 346; 1 C. & H.'s Notes, p. 854, note 610. To the point that the judgment was conclusive, not merely that *Angelina Amory* was not married to James Amory on the day named in her complaint, but that she had never been married to him, he cited *Embury v. Conner*, 3 Coms. 511; *Bruen v. Hone*, 2 Barb. 586; *Vail v. Vail*, 7 id. 226; *Hayes v. Reese*, 34 id. 151. And on the general question of the admissibility of the judgment record, and its force and effect, he further cited *Kingsland v. Spalding*, 3 Barb. Ch. 341; *La Guen v. Gouverneur*, 1 Johns. Cas. 506–509, 521.

*Gillet & Pier* (with *J. M. Gillet*, of counsel), for respondent, argued that the circuit court could not dismiss the appeal, but must reverse or affirm the decision of the county court admitting the will to probate (R. S. ch. 117, secs. 28, 34, 35; 12 Wis. 490; 22 id. 200); or that at least the appeal could be dismissed only for errors appearing on the face of the record. 17 Wis. 463; 16 id. 303; 18 id. 571. 2. The question whether *Angelina Amory* had any interest in the estate of the testator could not be inquired into on a motion

to dismiss, because it was a question of fact, involving the merits, in which issue must be joined and a trial had before a jury. R. S. ch. 117, sec. 28; *Haskins v. Wilson*, 5 Wis. 106; 17 id. 340. The respondent's interest being alleged in her affidavit for a continuance before the county court, and in her notice of appeal from the decision of that court, and having been. adjudicated by that court in granting her application for a continuance, etc., this fixed and determined her right to appeal, and entitled her, when the appeal was perfected, to a trial and determination of the order appealed from, "according to the rules of law;" and if the opposite parties desired to try the question of her interest, they could do so only on issue joined as directed by the statute. R. S. ch. 117, sec. 28. 3. The existence of the superior court of the city of New York, and the extent of its jurisdiction, with the fact that the laws of New York provide for divorce, must be proven as facts before its decree can be used in evidence. R. S. ch. 13, secs. 61, 65; 9 Wis. 308. And such evidence can be introduced only on the trial of an issue, subject to the rules of law, and subject to the introduction of impeaching or rebutting evidence. 1 Greenl. Ev. 701–5. 4. The respondent's rights as widow are not barred by the decree of the superior court: because, (1.) That court had no jurisdiction of the subject-matter or parties. *Forrest v. Forrest*, 6 Duer, 102; N. Y. Code, sec. 33, subd. 2. (2.) The decree was entered by consent and in fraud of respondent's rights. Story on Conflict of Laws, § 597; 2 Bishop on Div. § 761; Harg. Law Tracts, 479; 2 Kent, 109; 9 Watts, 336; 5 Wend. 148, 161; 1 Johns. 124. (3.) It assumes to decide a question of marriage not put in issue. 2 Day, 138; 5 Gray, 317; 8 Conn. 168; 38 N. Y. 63; 37 Barb. 508; 3 East, 346; 7 Pick. 147; 15 id. 276, 416; 3 Gray, 513; 7 id. 499; 9 Cush. 348, 255; 9 Wis. 102; C. & H.'s Notes, 917. The only question in issue as to marriage, was,

" Were the plaintiff and defendant married on or about March 12, 1846 ?" And if it is inferred that any other question relating to marriage was put in issue and tried and determined therein, respondent has a right to prove *aliunde* that such was not the fact.  *S. S. Co. v. Sickles,* 24 How. (U. S.) 333; 35 N. Y. 327; 2 Wis. 322; 9 id. 328; 4 Kern. 465.  (4.) The question of marriage involved in this case is, whether respondent was married to James Amory at any time before his death; and the decree does not even assume to decide that question, but at most only that the parties were not married at the time when the divorce suit was commenced.  (5.) Appellants are estopped by the decree in the partition suit from denying respondent's interest.  And upon all the issues (whether of law or fact) here presented, respondent was entitled to a trial before the circuit court.  35 N. Y. 327; 37 Barb. 507; 7 Gray, 499; 24 How. (U. S.) 333; *Duchess of Kingston's case,* 20 Howell St. Trials, 355; 2 Phil. Ev. 32; 1 Greenl. Ev. 701–703; 2 Bishop on Div. 468; *Garrott v. Johnson,* 11 G. & J. 173; *McDowel v. Langdon,* 3 Gray, 513; *Bigelow v. Winsor,* 1 id. 299, 303; *Harding v. Hale,* 2 id. 399; *Sage v. McAlpin,* 11 Cush. 165; *Leham v. Good,* 8 id. 302, 306; *Wood v. Le Baron,* id. 471; *Sprague v. Oakes,* 19 Pick. 455, 458; *Bridge v. Gray,* 14 id. 25; *Webster v. Lee,* 5 Mass. 334; *Phillips v. Berick,* 16 Johns. 136; *Foot v. Glover,* 4 Blackf. 313; *Morris v. Keyes,* 1 Hill, 540; 6 Term, 608.

The following opinion was filed at the January term, 1870.

DIXON, C. J.  The statute provides that *any person aggrieved* by any order, sentence, judgment or denial of a judge of the county court, may appeal therefrom to the circuit court for the same county.  R. S. ch. 117, § 24.  The question whether the party appealing in any case is a person thus designated by the statute, and to whom the right of appeal is given, is essen-

tially a preliminary one.   The objection being raised that the appellant is not such person, but a stranger to the order or sentence appealed from, it is clearly in the nature of matter in abatement, which, like any other, should be brought forward before further steps are taken, though not waived, perhaps, if not so brought forward.   If sustained, it goes to show that the party appealing, or attempting to do so, cannot prosecute that appeal, nor any other, and that the merits of the order or sentence appealed from should never be tried at his instance or suggestion.   It follows, therefore, that his appeal should be dismissed, and that, too, at the earliest possible moment when the fact can be judicially ascertained.   The reason and propriety of this rule or mode of proceeding are too obvious to require comment or explanation.

The objection in this case was taken by motion. The appellants here, respondents below, moved to dismiss the appeal, on the ground, among others, that the appellant had no interest in the subject-matter of the appeal.   Attending the motion, and referred to in it, were all the affidavits, papers and documents relied upon in support of it.   This, we think, was the proper mode of raising the objection and bringing it before the court for determination.   In such case, if any serious or doubtful question of fact arises, an issue may be made up and the verdict of a jury taken, as has been frequently decided by this court.   16 Wis. 303; 15 id. 475; 18 id. 571.

On this motion no such issue was made, and we think none was necessary.   This results from the nature of the evidence relied upon in support of the motion.   The evidence was an exemplified copy of the record of a divorce suit in the superior court of the city of New York, showing that the appellant was not, as she alleged, the widow of the deceased, and so was not interested in the subject-matter of the appeal.   This was not evidence to be submitted to a

jury in any case, except as they were governed and directed by the superior knowledge and judgment of the court. The effect of such record, or what it proves or does not prove, is for the court to decide. It would have been idle, therefore, to have submitted the question of fact, arising upon the motion, to the consideration of a jury.

In opposition to the motion, two affidavits were read by counsel for the appellant, which, together with some objections urged by them against the record in the divorce suit, it becomes necessary to consider. The affidavits were read for the purpose of showing that the superior court of the city of New York had no jurisdiction of the subject-matter of the divorce suit; that the judgment therein was procured by fraud against the appellant; and that in another action lately pending in the supreme court of New York, which was for the partition of certain lands, it had been adjudged that the appellant was the wife of the deceased. The affidavits were made by the counsel themselves, who appeared for the appellant, and were altogether unsatisfactory for the purpose of showing the two first facts claimed. With respect to the jurisdiction of the court in the divorce suit, one of the counsel made oath that it " was, at the time said action was pending, and still is, a court of limited and not of general jurisdiction; and this appellant claims and alleges that said superior court had not jurisdiction of the subject-matter of said action." This was testifying that the *appellant claimed and alleged* that court had no jurisdiction of the subject-matter of the action, but no statement or evidence whatever of the fact, if it was such, as it undoubtedly was not. In the other affidavit, made by counsel residing in the city of New York, and familiar with the jurisdiction and practice of the superior court, and who had, himself, been engaged in the divorce suit, nothing at all was said of the jurisdiction of the court over the subject-mat-

ter of the action. The statement there was that it was not a court of general jurisdiction, but was limited by statute. It contained no intimation that the court had no jurisdiction in actions for divorce, or in that action.

And the charge of fraud was equally unsupported by any evidence or proof of facts. The affidavit reads thus: " And deponent further says, that it is claimed by said appellant, and she alleges, that said last named judgment was procured and obtained by the fraud and collusion of said *James Amory*," etc. This, like the other, is a mere statement by the counsel under oath of what *his client claims and alleges* the fact to be.

The other fact stated in the affidavits, with respect to the judgment in the partition suit, was fully rebutted or shown to be immaterial by what appears from the record in the divorce suit. The judgment in partition was in 1851, and that in the divorce suit in 1860. It appears from the record in the latter case, that the appellant filed her petition, and applied therein, in 1866, to have the decree set aside and the cause reopened, on account of the fact of marriage claimed to have been established and the estoppel created by. the judgment in partition; and that such application was denied by the court. The petition fully set forth the claim of the appellant, the same now urged, with respect to the partition judgment, and also her excuses for not having produced the same at the trial of the divorce suit. The effect of the order denying that application must be to conclude her from all further agitation of the same question. The order remaining unreversed and not appealed from, she is debarred henceforth from insisting upon the estoppel of the partition judgment, if it ever operated as such, as against the testator and his legal representatives. For in making the order, either the court must have found that she was inexcusable in

not producing the partition judgment in evidence on the trial of the divorce suit, or else that it constituted no estoppel against the testator upon any question of fact involved in that suit; and which way the court found was immaterial. If the motion was denied on the ground of her negligence in not producing the partition judgment in evidence when she ought, and in allowing judgment to go against her in the divorce suit without it, that concludes her from raising the same question elsewhere, and if on the other ground, she is, *a fortiori*, concluded.

As to the positions taken by counsel to show that the only judgment which could have been rendered in the divorce suit was one simply dismissing the complaint, and that the judgment which was rendered is conclusive only of the fact that the parties were not married on or about the 12th day of March, 1846, we are clearly of opinion that they are all untenable. A judgment of dismissal, after a hearing upon the merits, is, as we understand it, conclusive upon the complainant as to all facts involved in the issue; and the prayer of the answer, that the complaint might be dismissed, did not preclude the court from adjudicating specially upon every fact set up in the answer as the ground of such relief. The prayer for relief does not go to the jurisdiction of the court. It may grant any relief consistent with the case made, without any prayer, or different from that prayed. *Mineral Point R. R. Co. v. Supervisors of Iowa County*, 24 Wis. 93. And whether the only fact in issue was as counsel contend, will be best known by allowing the record to speak for itself. The complaint charged a marriage between the plaintiff and defendant "on or about the 12th day of March, 1846," and subsequent cohabitation as man and wife. The answer denied the marriage "on or about the 12th day of March, 1846, or at any other time," and the cohabitation as man and wife, and alleged that the defendant was a "single man, and

was never married to the said plaintiff." The referee, to whom the cause was referred for trial, found and reported "that the plaintiff and defendant were not married on or about the 12th day of March, 1846, or at any other time." The court "ordered, adjudged and decreed, that the report of said referee be, and the same is hereby, in all things confirmed;" and further, "that neither on or about the 12th day of March, 1846, nor at any other time, the plaintiff *Angelina* and the defendant *James Amory* were married, and that she is not, nor ever was, the wife of *James Amory*, defendant." If this record is not a finality as to the status of the parties at the time the judgment was pronounced, then we are at a loss to know what record of a judicial proceeding could be. The fact whether the parties were then husband and wife was as plainly in issue as that whether the marriage ceremony had been performed between them; and as to this latter fact, the issue clearly was not whether they were married on or about the day named in the complaint, but whether at that or any other time before the commencement of the action. The true point of inquiry before the court was as to the then existing relation between the parties, of which, if they had been husband and wife, proof of the due solemnization of marriage at any prior time would have been competent evidence. The record is, therefore, conclusive that such was not the relation existing between them in 1860; and it not being anywhere claimed or suggested that they afterwards intermarried, the presumption must be that their condition remained unchanged, and that no marriage relation existed at the time of the testator's death.

We refer to *Garwood v. Garwood*, 29 Cal. 514, as a case fully in point upon the questions above examined, and as fully sustaining our conclusions with respect to them. See also *Veazie Bank v. Young*, 53 Maine,

555, and cases there cited, and *Edwards v. Gaulding*, 38 Miss. 118.

It follows from these views, that the court below should have dismissed the appeal, and that the order must be reversed and cause remanded, with directions that the same be dismissed.

*By the Court.*—So ordered.

A motion for a rehearing was denied at the June term, 1870.