WILL OF POWERS: POWERS, Appellant, vs. POWERS and others, Respondents.

*March 14—April 5, 1911.*

*Appeal from county court: "Person aggrieved:" Lost will.*

1. Only those persons authorized by sec. 4031, Stats. (Laws of 1907, ch. 593), may appeal from the county court.
2. One who claims that she was named as executrix in a lost will but fails to show that she was so named is not, merely by reason of such claim, a "person aggrieved" by the judgment refusing to admit such will to probate, so as to entitle her to appeal therefrom.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Dismissed.*

The appeal is from a judgment refusing to admit to probate a will of Patrick Powers, deceased, alleged to have been lost. The trial court found as facts:

"1. That Patrick Powers, a resident of the town of Elba, Dodge county, Wisconsin, died at said town on January 24,

1908, owning estate to be administered therein; that he was a bachelor, about seventy-five years of age, and had long resided in said town; that he left surviving his next of kin and heirs at law three brothers and two sisters, viz.: *Michael, Thomas,* and James Powers and *Mary Hollihan* and Anastasia Rooney, and the children of three deceased brothers, viz.: William N., Christopher C., and Margaret Ann Powers, children of Nicholas Powers, deceased, who was a brother of said Patrick Powers; and Esther Cotter, Margaret, Winnifred, William, Thomas, John, James, Stephen and Nicholas Powers, children of Morris Powers, deceased, who was a brother of said Patrick Powers; and Margaret and Nellie Powers, children of William Powers, deceased, who was a brother of said Patrick Powers.

"2. That said *Sarah C. Powers,* widow of said Nicholas Powers, deceased, and the mother of his said children, in April, 1908, presented her petition to the county court of Dodge county, wherein she prayed the court to take proof of the execution and validity of a will of the decedent alleged to be lost or destroyed, by accident or design, and for the admission of said will to probate as the last will and testament of Patrick Powers, deceased; that the contestants herein appeared in opposition thereto; that at the conclusion of the trial of said issues, said court found adversely to the petitioner and entered judgment denying her petition.

"3. That the said *Sarah C. Powers* appealed from said decision and judgment to the circuit court of said county on the ground that she is the executrix named in said lost will and was aggrieved by said judgment; that thereafter said *Sarah C. Powers* filed an affidavit of prejudice on the part of the presiding judge of the circuit court for Dodge county, and thereupon, and by order of said court, the place of trial of this action was duly changed to the circuit court in and for Columbia county.

"4. That said Patrick Powers, deceased, did on or about the 18th day of December, 1888, make, execute and publish his will; that he was then ill at the home of *Sarah C. Powers,* but was competent to make a will.

"5. That Henry A. Hills, a farmer and next-door neighbor, acted as scrivener in the making of said will, and it was witnessed by him and by James Powers, a brother of the decedent.

"6. That said will contained a legacy to the testator's brother, James Powers, but that the amount and terms of said legacy are uncertain. There was a bequest made to the church of Elba, or to some priest, it does not appear to which, but the amount of said legacy is wholly unproved; that the children of said *Sarah C. Powers* were made residuary legatees and devisees with some provision, which is wholly undisclosed, regarding the time when they should take; that the contents of said will are not proved or established with sufficient certainty to enable the court to determine what its terms and conditions actually were; that it cannot be determined with reasonable certainty if any one was named as executrix in the will.

"7. That, at the time of its execution, said will was not left in the custody of said Mr. Hills, nor was it ever thereafter in his custody; that the decedent, Patrick Powers, kept the will in his own possession at the time of its execution, and that it was never thereafter in the possession of any other person.

"8. That the testator, the said Patrick Powers, destroyed said will with intention to revoke the same."

From a judgment affirming that of the county court of Dodge county, the proponent, *Sarah C. Powers,* appealed.

*William N. Powers,* for the appellant.

For the respondents there was a brief by *E. E. Brossard,* attorney, and *F. J. Colignon,* of counsel, and oral argument by *Mr. Brossard.*

VINJE, J. At the threshold of the case we are met with the contention of the respondents that the appellant has no appealable interest and therefore her appeal to the circuit court should have been dismissed, as should be the appeal to this court. The grounds upon which such contention is based are that the right of appeal is governed by sec. 4031, Stats. (1898), as amended by ch. 593, Laws of 1907, providing that "any executor, administrator, guardian, trustee or any person aggrieved by any order, judgment, decree, determination or denial of the county court may appeal therefrom to the circuit court;" that since she has not only not been ap-

pointed executrix, but the will has not been admitted to probate, she cannot appeal as executrix, and as she is not an heir or legatee she is not a person aggrieved by the judgment sought to be appealed from. That she cannot appeal as executrix must be conceded, for upon the record as it stands she has not been appointed such, the proposed will has been refused probate, and the trial court found that it could not be determined with reasonable certainty that any one was named as executrix in the will. It therefore remains to consider whether or not she is a person aggrieved by the judgment within the meaning of the statute cited, as that has been held to be exclusive on the question as to who may appeal from the county court to the circuit court. *In re Guardianship of McLaughlin,* 101 Wis. 672, 78 N. W. 144; *Sanborn v. Carpenter,* 140 Wis. 572, 123 N. W. 144. It has likewise been held that the right of appeal, irrespective of statute, is not in every party to a judgment, but is confined to parties aggrieved in some appreciable manner thereby. *Larson v. Oisefos,* 118 Wis. 368, 95 N. W. 399. And if the appellant cannot show his right to prosecute the appeal by statutory provisions or by the fact that he is aggrieved by the decision involved, the proper practice is to dismiss the appeal. *Amory v. Amory,* 26 Wis. 152; *Larson v. Oisefos, supra.* It is not necessary in this case to determine whether or not one *actually named* as executor in a will that is refused probate is a person "aggrieved" within the meaning of the statute and entitled to an appeal. Here the appellant has failed to show that she was named as executrix, and the only ground upon which she bases her right to appeal is the fact that she *claims* she was so named. Such a claim does not bring her within the statute. It does not appear from the record that she is now anything more than a stranger to the proceedings, or that any legal right of hers has been adversely affected by the judgment. The mere fact that she may have a strong natural desire to reverse it, or that she has been affronted or in-

jured in her feelings by the rendition thereof, is not suffi-
cient.    *Sanborn v. Carpenter,* 140 Wis. 572, 123 N. W. 144.
Nor does the fact that she could properly arouse the jurisdic-
tion of the county court in the first instance entitle her to ap-
peal.    *Ibid.*    The appeal must therefore be dismissed on the
ground that the appellant has no appealable interest.

*By the Court.*—Appeal dismissed, and cause remanded
with directions to dismiss the appeal from the county court.