WILL OF HYDE: HYDE, Executor, Appellant.

*February 25—June 17, 1914.*

*Executors and administrators: Accounting: Attorneys' fees: Objections: Appeal from county court: Who may appeal: Dismissal: Prejudicial error.*

1. H., one of the executors of a will, was also one of the residuary legatees. His co-executor alone prepared and filed what purported to be the final account of the executors. The residuary legatees filed objections to and contested the allowance of certain items, and from the judgment allowing them H. appealed as executor. *Held,* that he was not precluded from appealing in that capacity on the ground that as executor he had asserted the correctness of the account and had objected to it only as residuary legatee. His intention being manifest, the formal objections filed by him as such legatee might, if necessary, be treated as having been made by him as executor also.

2. One executor may, without the consent or participation of his co-executor, appeal from an order or judgment of the county court which in his judgment does injustice to a residuary legatee.

3. Where items in an executors' final account for attorneys' fees upon a contest of the will in different courts were objected to in the county court and an appeal taken by one of the executors from their allowance, the dismissal of such appeal was not a mere technical error, the appellant being entitled to a hearing in the circuit court as to the reasonableness of the charges and as to the power of the county court to fix the amount and authorize payment of fees for services in other courts.

APPEAL from a judgment of the circuit court for Juneau county: JAMES O'NEILL, Circuit Judge. *Reversed.*

W. P. *Hyde* and T. F. Powers were named as executors in the will of Thomas Hyde, deceased. There was a contest over the submission of the will to probate which was carried to this court. The case is reported in volume 141 of our Reports on page 41 (122 N. W. 774). The contest on the will was not sustained. Attorneys Veeder & Veeder appeared in the county and circuit courts and in this court in support of the will. They claim they were representing the executors as well as the proponent of the will, and their claim in this regard was sustained by the county court in the proceeding here

involved. The appellant contended that they represented one Hannah Donovan only, the proponent of the will. What purported to be a final account of the executors was prepared and filed in the county court. It was verified by Powers, but not by his co-executor, *Hyde*. Among other items in the account, under the heading "Expenses of proponent in will contest," was one for $550 attorneys' fees for Veeder & Veeder for services rendered in the contest of the will in the courts in which it had been carried on. The executor, *W. P. Hyde,* and one T. F. Hyde were the residuary legatees named in the will. An objection was filed to the allowance of the account which contained the following recital:

"Now comes *W. P. Hyde* and Thomas F. Hyde, residuary legatees under the will of Thomas J. Hyde, deceased, by Lenicheck, Fairchild & Boesel and Daniel H. Grady, their attorneys, and object to the allowance of the following items in the final account herein presented and filed and verified by Thomas F. Powers, one of the executors of the said will. Said residuary legatees, *W. P. Hyde* and Thomas F. Hyde, object . . ."

Then follows a specific objection to the item of attorneys' fees referred to, as well as to some disbursements incurred in connection with the appeal to this court. The objectors prayed that these items be disallowed, and the objection was signed by the appellant's attorneys in this court as "Attorneys for *W. P. Hyde* and Thomas F. Hyde." The county court entered judgment allowing the final account and an appeal was taken from such judgment to the circuit court by *W. P. Hyde* as executor. Respondents moved to dismiss the appeal in the circuit court and this motion was granted, and from a judgment dismissing such appeal this appeal is taken.

For the appellant there was a brief by *Lenicheck, Robinson, Fairchild & Boesel* and *Daniel H. Grady,* and oral argument by *W. H. Farnsworth.*

For the respondent there was a brief by *Veeder & Veeder,* and oral argument by *C. A. Veeder.*

The following opinion was filed March 17, 1914:

BARNES, J.    The circuit court held, in substance, that the final account filed was the account of both executors, that *W. P. Hyde* did not object to it as executor, but in the capacity of residuary legatee only, and that, having in effect asked the court as executor to allow the account, he had no such interest in this capacity as would entitle him to appeal from the order and judgment of the county court allowing the account.    The respondent takes the same position in this court, and in addition urges that the judgment of the county court was right on the merits and that the appellant was not injured by the dismissal of the appeal.

It is not necessary to decide whether an executor who presents and has allowed his final account can appeal from the order or judgment allowing the same entered at his request. It would be very farfetched to say that the executor, *W. P. Hyde,* did anything of the kind.    He did not participate in the preparation of the account; it was not signed nor verified by him; and the verification by the co-executor does not state that it was made in behalf of both executors.    *Hyde* apparently took very little part in the administration of the estate.    He was in the office of Veeder & Veeder a couple of times.    The first time he apparently wanted some other attorney to represent him.    The next time he examined the account and thought or guessed it was all right.    But on the date fixed for the hearing on the account he was in court with an attorney representing himself and T. F. Hyde as residuary legatees and made a sharp contest on the account, and a large amount of testimony was taken on the objections filed. It can hardly be said on these facts that he was asserting the correctness of the account in his capacity as executor and objecting to it in his character as residuary legatee.    If it were necessary for him to file formal objections to the account as executor, the objections filed might well be treated as having

been made in such capacity as well as that of residuary legatee. It would be very technical to hold otherwise. There can be no question about the intention of *Mr. Hyde* in the matter.

Neither is there any doubt about the right of an executor to appeal from an order or judgment of the county court which in his judgment does injustice to a residuary legatee. Sec. 4031, Stats.; *McKenney v. Minahan,* 119 Wis. 651, 654, 97 N. W. 489; *Cowan v. Beans,* 155 Wis. 417, 144 N. W. 1129. Nor is there any doubt about the right of *Hyde* to appeal as executor without the consent or participation of his co-executor. *Luscombe's Will,* 109 Wis. 186, 196, 85 N. W. 341. It follows from what has been said that the appeal was properly taken.

The respondent insists, however, that the decision of the county court was manifestly correct and that therefore the appellant was not prejudiced by the judgment dismissing the appeal, the error being technical and affecting no substantial right.

It would be carrying the rule by which we refuse to reverse except for prejudicial error beyond all reasonable bounds to apply it here. There was a sharp contest in the county court on the reasonableness of the attorneys' fees charged for services in the different courts. The appellant is contending that since ch. 397, Laws of 1901 (sec. 4041*a,* Supp. 1906), was amended by ch. 231, Laws of 1909 (sec. 4041*b,* Stats. 1913), the county court has no power to fix the amount of attorneys' fees recoverable on a will contest in the circuit court and that it never had the power to fix the amount that should be paid on such a contest in this court. It does not appear whether or not the executors had actually paid for the services rendered by the attorneys. We think the appellant is entitled to a hearing in the circuit court on the reasonableness of the charges. If the fees for services in the circuit and supreme courts have not been paid, then the appellant has the

right to be heard on the power of the county court to fix the amount of such fees and to order them paid. If the attorney fee in these courts has been paid, then the appellant has the right to have the circuit court determine whether the executors were properly authorized to make the payment.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on June 17, 1914.