ESTATE OF CROCKER: BURKE, Administrator, Respondent, vs. HAMBACH, Administratrix, Appellant.

*December 6, 1940—January 7, 1941.*

*Julius O. Roehl* of Milwaukee, for the appellant.
*John J. Burke* of Milwaukee, for the respondent.

FOWLER, J. This is a motion to dismiss an appeal. The grounds laid are three: (1) The appeal was not perfected by

filing the record herein within twenty days from the taking of the appeal; and (2) the appeal is by Hulda Hambach, the administratrix with the will annexed of a deceased person; as administratrix she is not the aggrieved party; and (3) the matter involved on the merits is the effect of an election by the widow not to take under the will of her deceased husband, and objection to her election was made by Hulda Hambach personally, and she has not appealed in such capacity.

(1) The order appealed from was entered January 18, 1939. The notice of appeal was filed and the requisite court fees paid on February 16, 1939. Sec. 274.13, Stats., provides that the record in case of appeals shall be transmitted to the clerk of this court forthwith. Rule 4 of this court provides that an appellant shall cause a proper return to this court to be made within twenty days from the filing of the notice of appeal. The return was not on file when the motion to dismiss the appeal was made on November 22, 1940. As it is now here, we might, in our discretion, under Rule 48 of the court, deny the motion on payment of costs. But for the reasons stated below we cannot deny the motion to dismiss.

(2) and (3) It is obvious that only a person who is aggrieved by an order can appeal therefrom. *Powers v. Powers,* 145 Wis. 671, 130 N. W. 888. The question presented by (2) and (3) is whether the appellant as administratrix is an aggrieved party, or whether the person who is administratrix is in her individual capacity the aggrieved party. If she is aggrieved only in the latter capacity she cannot appeal as administratrix.

The question on the merits rests on the facts that a will was probated in California where the testator resided at the time of his death and where he had property. He had real estate in Wisconsin. The will was probated in California. The widow did not file in the California proceedings any election not to take under the will. The will, after being

admitted to probate in California was probated in Wisconsin as ancillary to the California proceedings. Hulda Hambach, a legatee under the will, was appointed administratrix over the Wisconsin real estate. In these ancillary proceedings the widow filed an election not to take under the will. Hulda Hambach moved to have the election of the widow declared null and void "for the reason that it was filed more than one year after the death of the testator." She did not move as administratrix. The petition was dismissed. From the order of dismissal Hulda Hambach in her capacity as administratrix appeals and was thus relieved from filing a bond.

The will left a life estate in California to the widow with remainder to Hulda, the testator's niece, and left the residue of the testator's property wherever situate to Hulda.

It seems plain that Hulda is the aggrieved party and that as administratrix she is not aggrieved. By the will just two persons were interested in the right of the widow to elect, the widow and Hulda, and each was personally interested. No construction of the will is involved or any question that could in any way affect the duties or responsibilities of the administratrix. Counsel for appellant suggests by affidavit that after the notice of appeal involved was filed on March 17, 1939, Hulda on December 19, 1939, as administratrix filed a second motion to have the election of the widow declared void, this time on the ground that since dismissal of her first motion the widow had died. This second motion was denied November 20, 1940. Counsel says that the administratrix intends to appeal, as administratrix, from the second order of dismissal also, and suggests that both appeals may be heard at the same time on the January assignment. Obviously we cannot consider an appeal before it is taken, or consider that an appeal will be taken that has not been taken. But as the second motion was taken in Hulda's representative capacity, and we have decided that she has no

rights in that capacity, she is not aggrieved by the second order of dismissal any more than by the first one and has no right of appeal in that capacity.

*By the Court.*—The motion to dismiss the appeal is granted, with $25 costs.