ESTATE OF BRYNGELSON: BRYNGELSON, Administrator, Appellant, vs. STATE BOARD OF CONTROL, Respondent.

*January 9—February 4, 1941.*

8

*Irving W. Smith* of Niagara, for the appellant.

For the respondent there was a brief by *Blaine M. Linke,* collection and deportation counsel, and *Paul B. Knuese,* assistant collection and deportation counsel, and oral argument by *Mr. Knuese.*

MARTIN, J. The facts are not in dispute. The litigation originated in the county court of Florence county. After

the insurance company had paid the proceeds of the policy in question to Charles Bryngelson as administrator of the estate of his deceased brother, Alfred, Verner Bryngelson, also a brother of the deceased, petitioned the county court of Florence county for an order declaring that the proceeds of the insurance policy be declared to be the property of himself and his brothers, Charles and Emil, and directing the administrator of the estate to so pay the proceeds of the insurance policy to said Verner, Emil, and Charles Bryngelson free of any claim of the estate or its creditors. The respondent having filed its claim against the estate of the incompetent, filed objections to the petition and to the granting of the order prayed for. On December 7, 1938, the county court entered judgment adjudging that the beneficiary's rights (the mother's) terminated upon her death and that Verner, Emil, and Charles Bryngelson had no interest or claim to the proceeds of the policy, except as heirs of their brother, Alfred, deceased, subject to the rights of creditors of the estate. Thereupon, Charles Bryngelson, in his official capacity as the administrator of the estate of Alfred, appealed to the circuit court for Florence county from the judgment rendered in the county court with the result as indicated in the statement of facts preceding the opinion.

Verner Bryngelson, who instituted the proceedings in the county court, did not appeal from the judgment of the county court. The sole appellant from the judgment of the county court and from the judgment rendered in the circuit court is Charles Bryngelson in his capacity as administrator of the estate of his deceased brother Alfred. Both the county court judgment and the circuit court judgment are in favor of the administrator.

Sec. 324.01, Stats., relating to appeals from county courts, so far as here material, provides:

"(1) In counties having a population of fifteen thousand or less any executor, administrator, guardian, trustee or *any*

*person aggrieved* by any order or judgment of the county court may appeal therefrom to the circuit court. . . .

"(2) In counties having a population of over fifteen thousand any executor, administrator, guardian, trustee or *any person aggrieved* by any order or judgment of the county court may appeal therefrom to the supreme court. . . ."

Sec. 274.10, Stats., relating to appeals from the circuit to the supreme court, provides:

"Any judgment within section 274.09 or any order defined in section 274.33 may be reviewed before the supreme court upon an appeal *by any party aggrieved*. . . ."

In the instant case Charles Bryngelson, as administrator, is not an aggrieved party. We think it elementary that a party may not appeal from a judgment in his favor. In the recent case of *Estate of Crocker,* 236 Wis. 579, 295 N. W. 717, the court at page 580 said:

"It is obvious that only a person who is aggrieved by an order can appeal therefrom. *Powers v. Powers,* 145 Wis. 671, 130 N. W. 888. The question presented . . . is whether the appellant as administratrix is an aggrieved party, or whether the person who is administratrix is in her individual capacity the aggrieved party. If she is aggrieved only in the latter capacity, she cannot appeal as administratrix."

What is there said is applicable in the instant case. The only issue involved is whether the proceeds of the insurance policy on the life of Alfred O. Bryngelson, deceased, belong to the three surviving brothers or to his estate. None of the brothers in their individual capacities are before this court on this appeal. Charles, the administrator, if aggrieved in his individual capacity by the judgments of the county and circuit courts, had no right to appeal as administrator.

Though respondent has made no motion to dismiss the appeal herein, the facts above indicated appearing of record showing that the administrator in his official capacity has no right of appeal, this court will dismiss same upon its own

motion. The expense incurred by the administrator in connection with this appeal shall not be paid out of the assets of the estate of Alfred O. Bryngelson, deceased.

*By the Court.*—Appeal dismissed.