WILL OF HUGHES: HUGHES, Appellant, vs. VELTEN, Executor, Respondent.

*September 18—October 13, 1942.*

J. G. Prueher of Bloomer, for the appellant.

Stafford & Stafford of Chippewa Falls, attorneys, and Walter C. Velten of Bloomer of counsel, for the respondent.

FAIRCHILD, J. In the usual proceeding in matters in probate, the executor or administrator represents all parties adverse to the claimant, and notice of appeal served on him is a sufficient notice to "the adverse party" within the meaning of sec. 274.11 (1), Stats. In the case of Estate of Koch, 148 Wis. 548, 134 N. W. 663, where notice of appeal was served upon the personal representative of the deceased, it is said (p. 571):

"He stood for all [adverse] interests. . . . The only necessary party adverse to the claimant was the personal representative. All interested in the estate, in the collective sense, really the estate itself, vitalized by such representative, was the only adverse party to the claimant in the matter of the hearing on claims."

See also 11 R. C. L. p. 24, sec. 6; 21 Am. Jur. pp. 496, 497, secs. 223, 224.

A similar situation is now before us on this motion to dismiss the appeal because notice was served only on the executor. The first question to be determined, then, is who are "adverse parties" to an appeal by a creditor whose claim against an estate has been disallowed. It may be well to bear in mind that this is not one of those cases where different legatees or one having an interest for reasons of his own, as he may, moves the litigation into a contest between interested parties other than the executor or administrator, or between legatees and heirs, or between different heirs, and where the issues to be determined become peculiar to those particular interests. In such situations each legatee or heir may be called upon to defend his own interests because the executor or administrator, being a trustee for the whole group, cannot side with one heir or legatee against another except as that result may follow as a consequence of his discharge of obligations resting upon him as the representative of the will of the deceased or under the law regulating administration proceedings. Even in such cases the representative of the estate, *i. e.*, the executor or administrator, would not be excluded from appealing if in the exercise of good faith in his judgment an appeal by him seemed advisable to protect the purposes and duties for which his appointment was made. *Will of Paulson,* 127 Wis. 612, 107 N. W. 484; *Cowan v. Beans,* 155 Wis. 417, 144 N. W. 1129; *Will of Hyde,* 157 Wis. 462, 145 N. W. 1079. In the case at bar, the executor, respondent here, respresents the interests of the estate, including the collective interests of all legatees, and it is his duty to set up any defenses available against the creditor's claim. In the case of *Will of Krause,* 240 Wis. 72, 2 N. W. (2d) 733, it was distinctly held that under circumstances similar to those before us, notice served on the representative of the deceased was all that was required.

The fact that if the present claim is allowed the realty will have to be sold to pay the debt does not alter the case.

It may be conceded that if the decision in the county court had been to allow the claim of the creditor, a legatee would have been an aggrieved party within the meaning of sec. 324.01, Stats., so that he might appeal. He would then be an appellant and required to serve his notice of appeal on the successful claimant and those similarly affected with him by the order or judgment according to the practice statutes, including sec. 274.12, Stats. The door has been kept open for aggrieved parties to appeal where they are so advised or their interests require it. But while they are satisfied with the conduct of the representative of the estate and refrain from becoming actively adverse parties, notice of appeal served on the executor or administrator by a claimant defeated in the court below is a sufficient notice.

In considering the questions raised upon the motion to dismiss, our attention has been directed to the doubt that exists as to the right of an executor, administrator, guardian, or trustee to appeal from a determination of the county court, and in the interest of clarity it is considered the matter should be restated.

Sec. 324.01 (1), Stats., provides: ". . . Any executor, administrator, guardian, trustee *or* any person aggrieved by any order or judgment of the county court may appeal therefrom. . . ."

In *Estate of Bailey*, 205 Wis. 648, 238 N. W. 845, it was said (p. 651) :

"As the administrator does not represent any particular heir, it is generally held that he is not aggrieved if some heirs receive less than they are entitled to by the order of distribution and, consequently, the administrator has no right to appeal. [Citing cases from other jurisdictions.] This is an open question in this court, and a decision thereof does not seem necessary at this time, for the reason that Cora B. Moon

was not administratrix of the estate at the time she gave notice of appeal."

In *Estate of Crocker,* 236 Wis. 579, 295 N. W. 717, which involved an appeal by an administratrix, there was a motion to dismiss. It was there said (p. 580) :

"It is obvious that only a person who is aggrieved by an order can appeal therefrom. *Powers v. Powers,* 145 Wis. 671, 130 N. W. 888. The question presented ·. . . is whether the appellant as administratrix is an aggrieved party, or whether the person who is administratrix is in her individual capacity the aggrieved party. If she is aggrieved only in the latter capacity she cannot appeal as administratrix."

The decision in *Powers v. Powers, supra,* does not support the conclusion reached. The appellant in that case asserted she was named as executrix in a lost will, which she sought but failed to establish. The court said (p. 674) :

"That she cannot appeal as executrix must be conceded, for upon the record as it stands she has not been appointed such, the proposed will has been refused probate, and the trial court found that it could not be determined with reasonable certainty that any one was named as executrix in the will. It therefore remains to consider whether or not she is a person aggrieved by the judgment within the meaning of the statute cited, as that has been held to be exclusive on the question as to who may appeal from the county court to the circuit court. . . .

"It has likewise been held that the right of appeal, irrespective of statute, is not in every party to a judgment, but is confined to parties aggrieved in some appreciable manner thereby. *Larson v. Oisefos,* 118 Wis. 368, 95 N. W. 399. [*Larson v. Oisefos* involved an appeal from the circuit to the supreme court.] And if the appellant cannot show *his right to prosecute the appeal by statutory provisions* or by the fact that he is aggrieved by the decision involved, the proper practice is to dismiss the appeal. *Amory v. Amory,* 26 Wis. 152 ; *Larson v. Oisefos, supra.* It is not necessary in this case to determine whether or not one actually named as executor in a will that is refused probate is a person 'aggrieved' within

the meaning of the statute and entitled to appeal. Here the appellant has failed to show that she was named as executrix, and the only ground upon which she bases her right to appeal is the fact that she claims she was so named. Such a claim does not bring her within the statute. It does not appear from the record that she is now anything more than a stranger to the proceedings, or that any legal right of hers has been adversely affected by the judgment."

The statute involved in *Amory v. Amory,* 26 Wis. 152, was sec. 24, ch. 117, R. S. 1858, which read as follows:

"In all cases not otherwise provided for, any person aggrieved by any order, sentence, judgment, or denial of a judge of the county court, may appeal therefrom to the circuit court for the same county. . . ."

Prior to the revision in 1878, the matter of appeals from the county court was governed by ch. 101, R. S. 1858. The revisors state that sec. 4031, R. S. 1878 (now 324.01) is derived from secs. 20 and 22, ch. 101, sec. 24, ch. 117, and part of sec. 8, ch. 49, R. S. 1858.

Sec. 20, ch. 101, R. S. 1858, provided:

"Any executor, administrator, or creditor, may appeal from the decision and report of the commissioners, to the circuit court for the same county. . . ."

Sec. 22, ch. 101, R. S. 1858, limited appeals as follows: (1) When such commissioners shall disallow any claim in favor of any creditor, or of the estate, in whole or in part, to the amount of $20. (2) "When the commissioners shall allow any claim, in whole or in part, and the sum allowed, being objected to, shall amount to $20;—in either of which cases the aggrieved party may appeal."

The provisions of sec. 24, ch. 117, R. S. 1858, have already been stated.

The revisors of 1878 stated:

"In the revised statutes of 1858, there were two methods of appeal from the county court. One was provided by ch. 101,

the other by ch. 117.  In this revision, but one method is provided, embracing some of the features of each of the old methods.  The purpose of the change is twofold: First, to simplify the proceeding, and second, to save space."

While it is true as stated in *Estate of Bailey, supra,* that an administrator does not represent any particular heir, he is the arm of the court employed under the law to collect and distribute the estate of the deceased.  His interest in the estate is not and cannot be personal.  To a certain extent he also represents the heirs of the deceased for it is in their interest that the law provides for the distribution of the estate by an administrator.  An executor represents the testator, and it is part of his duty to see that the will of the testator is properly executed.  He likewise represents the legatees for whose benefit probate proceedings are had.  The guardian represents his ward in the same way, and a trustee represents both the settlor and the *cestui que trust*.  A trustee is under a duty to administer the trust in accordance with its terms.

There is no suggestion arising from the language used that the legislature intended to limit the right of an executor, administrator, guardian, or trustee to appeal, to instances where the executor, administrator, guardian, or trustee was aggrieved as an individual or to prevent him from fully discharging his office.

The court has already had the construction of this statute under consideration.  In *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489, an administrator took an appeal from an order allowing a claim to a son of the deceased on the ground that the mother of the minor, wife of the deceased, had given the sum of $800 to her husband in money in trust for her son.  The claim being allowed in full, the administrator permitted the time for appeal to elapse and then applied to the circuit court for an order extending the time.  The claimant moved to dismiss the appeal because the administrator was not a party

aggrieved within the meaning of the appeal statute. To this contention the court made the following reply (p. 654) :

"It is a sufficient answer to the first of such reasons that sec. 4031 [now sec. 324.01] expressly recognizes an administrator standing as the representative of persons who would be injuriously affected by a determination of the county court, if it were allowed to stand, as a party aggrieved. That is the plain meaning of the language : 'In all cases not otherwise provided for any executor, administrator, guardian, trustee or any person aggrieved,' etc. Plainly, any one of the persons specially mentioned is recognized as a party aggrieved, when any one whose interest he represents is aggrieved. It was the duty of the administrator to preserve the property of the estate, so far as he legally could, for transmission to the heirs of the deceased. In the settlement of claims against the estate he stood for them. Any injury to their interests, in legal effect, was a grievance to him within the meaning of the appeal statute."

In *Will of Paulson,* 127 Wis. 612, 107 N. W. 484, it was held that an executrix is an aggrieved party within the calls of sec. 4031, Stats. 1898, and entitled to appeal from an order or judgment of the county court construing the will. The court said (p. 615) :

"It is plain from a reference to sec. 4031, Stats. 1898, that the executrix, Matilda Paulson, was an aggrieved party within the meaning of the statute, and as such entitled to appeal." (Citing *McKenney v. Minahan, supra.*)

In *Sanborn v. Carpenter,* 140 Wis. 572, 123 N. W. 144, a nonresident sister of an alleged incompetent petitioned the county court for the appointment of a guardian and appealed from an order denying her petition. In dismissing the appeal the court said (p. 575) :

"No analogy exists, as claimed, between the mere petitioner in guardianship proceedings and an administrator or executor *who, as suggested by appellant, may appeal from order of the county court although without private interest in an estate.*

[Citing *McKenney v. Minahan, supra; Will of Paulson, supra.*] *The right of administrators and certain other officers to appeal is expressly conferred upon them by statute ex officio* (sec. 4031, Stats. 1898), and is not expressly conferred on a mere petitioner."

In *Cowan v. Beans,* 155 Wis. 417, 144 N. W. 1129, a person was named as executor of a will and petitioned the county court to probate the will. From an order denying the petition, the proponent appealed. There was a motion to dismiss on the ground that the executor was not a person aggrieved by the judgment of the county court. This court said (p. 418) :

"Such a person is the representative of the testator and is charged with the duty of seeing that the will is probated and its provisions carried into effect. Public policy also requires that a legally executed will be probated, and the person named as executor has a public as well as a private duty to perform. If he in good faith believes that the will has been wrongfully denied probate by the county court, he should appeal from the decision."

In *Will of Hyde,* 157 Wis. 462, 145 N. W. 1079, an executor appealed from a judgment of the county court allowing a final account to the circuit court. In the circuit court respondents moved to dismiss the appeal and the motion was granted. From the order dismissing the appeal, there was an appeal to this court. In disposing of the motion in this court to dismiss the appeal, this court said (p. 465) :

*"Neither is there any doubt about the right of an executor to appeal from an order or judgment of the county court which in his judgment does injustice to a residuary legatee."* (Citing sec. 4031, Stats.; *McKenney v. Minahan, supra; Cowan v. Beans, supra.*)

In *Estate of Sullivan,* 200 Wis. 590, 229 N. W. 65, an administrator had advanced money to the widow for her support. The county court denied her application for an allowance for this purpose and the administrator appealed. The

court held that under the doctrine of *McKenney v. Minahan,* *supra,* the administrator had the right of appeal.

Despite these decisions it was, as already stated, held in *Estate of Bailey, supra,* that the matter was an open question in this court. Mr. Justice OWEN, who dissented in *Estate of Sullivan, supra,* wrote the opinion in *Estate of Bailey, supra.* It is from the decision in that case that a doubt arose as to the right of an executor, administrator, guardian, or trustee to appeal under the statute.

In *Will of Asby,* 232 Wis. 481, 287 N. W. 734, the matter came up with reference to the allowance of costs which involved the right of the executor to appeal. The court said (p. 489):

"While an executor is not primarily interested in whether a beneficiary shall receive a greater or a lesser share of an estate, he is interested as the chosen representative of the deceased to see that her will is carried into effect. . . .

"In *Cowan v. Beans,* 155 Wis. 417, 144 N. W. 1129, it was held that a proponent of a will, who is named the executor therein, is a person aggrieved by a judgment of the county court refusing probate of the will. It was there said (p. 418): 'Such a person is the representative of the testator and is charged with the duty of seeing that the will is probated and its provisions carried into effect.'

"In our opinion it may be said with equal soundness that an executor is charged with the duty of seeing that the intentions of the testatrix, as he in good faith believes them to be, are carried into effect. . . . In our opinion it may not be said that an executor has no duty to present to the courts his views as to the facts and the law to the end that the true intentions of the testator may be found and given effect." (Citing cases.)

Under the doctrine of the cases which we have considered, the administratrix in the matter of *Estate of Crocker, supra,* had a right of appeal both individually and as an administratrix, and so far as that case holds to the contrary, it is overruled.

The motion to dismiss because of defective service of notice of appeal is denied, as well as on all other grounds except as to the sufficiency of the undertaking filed by appellant, and as to that the motion will be granted unless the appellant forthwith file a good and sufficient undertaking in the manner and form provided by statute and also pay to respondent's attorney $10 costs of motion.

The motion to dismiss the appeal from the order denying appellant $200 of personalty is granted.

*By the Court.*—So ordered.