IN RE CUDAHY FAMILY TRUST: BRADY and another, Appellants, v. FIRST WISCONSIN TRUST COMPANY, Trustee, Respondent.

*November 24, 1964—January 5, 1965.*

154

For the appellants there were briefs by *Quarles, Herriott & Clemons,* attorneys, and *Lester S. Clemons* and *Peter J. Lettenberger* of counsel, all of Milwaukee, and oral argument by *Mr. Lettenberger.*

For the respondent there was a brief by *Brady, Tyrrell & Bruce,* attorneys, and *Richard H. Tyrrell* and *Samuel J. Recht* of counsel, all of Milwaukee, and oral argument by *Mr. Recht.*

HALLOWS, J. The issue is whether the appellants are entitled to have their reasonable attorneys' fees paid out of the trust estate when the trustee stands neutral in a controversy to determine who are the proper beneficiaries to receive trust income.

The appellants contend the respondent as trustee had a duty to defend the rights of the beneficiaries of the trust against the adverse claim of Helen Bischoff and the trustee having failed to do so the appellants are entitled to their attorneys' fees from the trust estate for performing such services. We do not view the facts as giving rise to a contest between the trust on the one hand and an adverse claimant on the other. In such a case it is quite true as claimed by the appellants, the trustee has a duty of loyalty to the beneficiaries arising out of the fiduciary relationship and the responsibility of administering the trust according to its terms and of protecting the trust estate. *Will of Hughes* (1942), 241 Wis. 257, 5 N. W. (2d) 791; *Will of Cosgrove* (1941), 236 Wis. 554, 295 N. W. 784; *Estate of Allen* (1935), 218 Wis. 349, 259 N. W. 848.

If, because of the failure of the trustee to perform its duties, it becomes necessary for a beneficiary of the trust to perform such duties, he is entitled to be compensated the same as a trustee would have, had it performed its duty. The same rule applies to executors and beneficiaries of an estate. *Estate of Marotz* (1953), 263 Wis. 99, 56 N. W. (2d) 856; *Estate of Sheldon* (1946), 249 Wis. 430, 24 N. W. (2d) 875; *Will of Rice* (1912), 150 Wis. 401, 136 N. W. 956, 137 N. W. 778. On this principle of extraordinary circumstances when Helen Bischoff discharged the duty of the First Wisconsin Trust Company as executor to protect the estate's plan of distribution in the Hoyt estate, a duty the executor could not perform, she was allowed attorneys' fees out of the estate.

The similarity of the facts here to *Hoyt* is only superficial. The appellants were not performing any duty of the trustee. The determination of who were the beneficiaries of the Cudahy Trust could not be made solely from the agreements of 1918. Because of the power of appointment reserved in those documents, it is required to consider the will of Mrs. Hoyt and her partial release. These instruments are part and parcel of the documents relating to the trust and its administration and are as necessary and pertinent in determining the appellants' rights as they are the rights of Helen Bischoff. Because of this, both the appellants and Helen Bischoff base their claim on documents constituting the trust instruments. Neither the appellants' nor Helen Bischoff's claims are adverse to the trust as such but are adverse only to each other as potential beneficiaries of the trust. Since this is a dispute between parties claiming to be beneficiaries of the same income, Helen Bischoff if she had won would not be entitled to attorneys' fees from the trust any more than the appellants are now.

In a dispute between two beneficiaries concerning a construction of the terms of a trust, a trustee is under no duty to take sides. It performs its duty as trustee in seeking a construction of the documents relating to the trust so that it may carry out its terms. If such matter is not fully presented to the court by the interested parties, it may be proper or even the right of the trustee to present its view to the court. *Will of Asby* (1939), 232 Wis. 481, 490, 287 N. W. 734. However, no such situation developed here, nor is this a case where a claim of the beneficiary is so obviously without merit that it is in effect an adverse claim. On the contrary we stated in *Hoyt* the issue created by Mrs. Hoyt's will was worthy of adjudication.

Here, the conflict is in fact between two persons claiming to be beneficiaries, *i.e.,* between Helen Bischoff as a specific

beneficiary and the appellants as residuary beneficiaries. Thus the duty of the trustee as custodian of the trust res for the benefit of all the beneficiaries was to treat those claimants impartially and not to assume the advocacy on behalf of either or assume the validity of the contention of either. In such a contest each party must assume the cost of his own legal services. *Will of Hughes, supra; Will of Larson* (1933), 211 Wis. 237, 247 N. W. 880; *Estate of Donges* (1899), 103 Wis. 497, 79 N. W. 786; *Estate of Cole* (1899), 102 Wis. 1, 78 N. W. 402; Restatement, 1 Trusts (2d), p. 393, sec. 183. We find no error in the ruling of the trial court and the order denying reasonable attorneys' fees to the appellants must be affirmed.

*By the Court.*—Order affirmed.