STEVENSON, Judge.
This is an appeal from a cost judgment entered in favor of the appellee, Sheila Shechtman, requiring the trustee to pay, from trust assets, attorney’s fees and costs incurred by Shechtman, a beneficiary, in defending against a suit initiated by the appellants. Because we find that the statute relied upon by the trial court does not authorize the award of attorney’s fees and costs, we reverse.
This is the second appeal in a case involving the appellants’ attempt to set aside a settlement agreement entered into by Carol Frymer, Nancy Tuehman (Frymer’s sister), and Sheila Shechtman (Frymer’s stepmother) following the death of Henry Tuehman (Frymer’s and Tuchman’s father). As our prior opinion indicates, the gist of this agreement was that Shechtman would waive any rights she may have had in her late husband’s estate in exchange for $50,000 in cash and the establishment of a $200,000 trust. See Frymer v. Brettschneider, 696 So.2d 1266, 1267 (Fla. 4th DCA 1997). Under the terms of the agreement, Shechtman was to be the income beneficiary of the trust during her life and, upon her death, the principal would revert in equal shares to Frymer and Tuehman. In the prior appeal, this court affirmed the trial court’s judgment upholding the settlement agreement and, consequently, the trust. See id.
Subsequent to the issuance of that opinion, the lower court entered a second order awarding attorney’s fees and costs to Shecht-man, a beneficiary, payable from the trust created by the settlement agreement, pursuant to Florida Statutes section 737.402(2)(u). That cost judgment is the subject of this appeal.
It is well settled that neither attorney’s fees nor costs may be awarded in the absence of an entitling provision in a con *12 tract, statute, or rule. See, e.g., Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995); Cadenhead v. Gaetz, 677 So.2d 96 (Fla. 1st DCA 1996). Recognizing this principal, the trial judge relied upon Florida Statutes section 737.402(2)(u), which provides
Unless otherwise provided in the trust instrument, a trustee has the power: ... To pay taxes, assessments, compensation of the trustee, and other expenses incurred in the collection, care, administration, and protection of the trust.
§ 737.402(2)(u), Fla. Stat. (1997).
In construing this statute, we begin with the basic principle that “[a] statute providing authority to award fees must do so expressly.” Knealing v. Puleo, 675 So.2d 593, 596 (Fla.1996). With this principle in mind, we cannot agree with the trial court’s conclusion that section 737.402(2)(u) authorizes a trustee to pay attorney’s fees and costs incurred by a beneficiary. In other instances where the legislature has intended to authorize the award of fees and costs, the very language of the statutes expressly and unmistakably provide for “fees” and “costs.” See, e.g., §§ 57.105, 61.16, 737.2041, 737.627, 768.79, Fla. Stat. (1995). No such language appears in section 737.402(2)(u).
This conclusion finds further support in another rule of construction — ejusdem generis. This rule provides that “where the enumeration of specific things is followed by a more general word or phrase, the general phrase is construed to refer to a thing of the same nature as the preceding specific things.” Florida Dep’t of Revenue v. James B. Pirtle Constr. Co., 690 So.2d 709, 711 (Fla. 4th DCA 1997). None of the expenses specifically enumerated by section 737.402(2) (u) are expenses of beneficiaries. Rather, the items listed are those that might necessarily be incurred by the trustee.
We also find, as did the trial court, that the “common fund” rule cannot serve as a basis for the award of fees. In Hurley v. Slingerland, 480 So.2d 104, 107 (Fla. 4th DCA 1985), this court set forth five prerequisites to the operation of the common fund rule. The third of those requirements— “[t]he existence of a class, which received, without otherwise contributing to the lawsuit, substantial benefits as a result of the litigation” — is not present here. This conclusion is consistent with the general rule that “the legal fees and other expenses of a beneficiary in an accounting or other trust proceeding will be allowed out of the trust funds only if the trust estate and the other beneficiaries are benefitted.” George GleasoN Bogert & George Taylor Bogert, The Law of Trusts & Trustees, § 972 (2d ed.l983)(emphasis added); see also In re Cudahy Family Trust, 26 Wis.2d 153, 131 N.W.2d 882 (1965)(holding in a suit between two beneficiaries that “the duty of the trustee as custodian of the trust res for the benefit of all beneficiaries was to treat the claimants impartially and not assume the advocacy on behalf of either or to assume the validity of the contention of either,” and that “[i]n such a contest each party must assume the costs of his own legal services.”).
REVERSED.
KLEIN, J., concurs.
FARMER, J., specially concurs with opinion.