FORD, Executor, etc., Appellant, vs. FORD and another, Respondents.

*October 31 — November 17, 1891.*

*Estates of decedents: Allowances: Retroactive order.*

1. An order vacating an allowance previously granted for the support of the family of a testator, cannot be made retroactive. At most it can only stop the allowance after the time when the petition in that behalf was presented.
2. An allowance of $600 per annum for the maintenance of a minor is *held* not excessive, the estate being ample.

APPEAL from the Circuit Court for *Dane* County.

Francis F. Ford, a citizen and resident of this state, died testate January 26, 1886, leaving real estate in several states, and personal property. His will was duly probated in the county court of Dane county, May 17, 1886. An action to obtain a construction of the will was brought by the executor, *Joseph C. Ford,* in the circuit court of Dane county, and came to this court by appeal. The provisions of the will, and the construction thereof, appear in the report of the case in 70 Wis. 19. *Mrs. Ford* duly renounced the pro-

Ford vs. Ford and another.

vision made for her in the will of her husband, and elected to take under the statute.

The family of the testator, at his decease, consisted of his widow, *Margaret G. Ford*, and his son and only child, *Marcus C. Ford*, then twelve years of age. June 1, 1886, the county court made an order allowing to the family of the testator out of his estate, for their support, $1,000, payable as soon as practicable, and $2,000 per annum thereafter, in instalments of $500 each, payable quarter yearly, commencing August 1, 1886, until the further order of the court.

After denying two petitions of the executor to vacate and annul such order of allowance, the county court granted a third petition of the executor therefor, which petition was presented to the court, August 10, 1889. The order in that behalf was made February 5, 1890, and is as follows: " Ordered that the said order of allowance, which order was made by this court on June 1, 1886, and provided for the payment to the said *Margaret G. Ford*, for her support and the support of her minor child, *Marcus C. Ford*, of the sum of two thousand dollars per annum, be, and the same is hereby, vacated and discontinued from and after July 18, 1889." From this order *Mrs. Ford*, for herself and as guardian of her son, *Marcus*, appealed to the circuit court.

Upon a hearing of the appeal, the circuit court reversed the order of the county court of February 5, 1890, vacating the order of allowance of June 1, 1886, and modified such last-mentioned order so that, after August 10, 1889, $600 per annum should be allowed out of the estate for the support of *Marcus* until the further order of the court. The order and judgment fixes dates for the payment of such allowance, and provides that if, in the final settlement, the executor has not realized sufficient money out of the personal property of the estate to cover such allowance, the deficiency shall be charged to *Marcus* as an advancement .

out of the estate devised to him in the will of his father. This last clause has ceased to be of any importance, because, since such judgment was rendered, the executor has received an ample amount of personal property of the estate to pay the allowance, without resorting to rents, profits, or proceeds of real estate.

The executor appeals from the order and judgment of the circuit court.

For the appellant there was a brief by *I. C. Sloan* and *Olin & Butler*, and oral argument by *J. M. Olin* and *Mr. Sloan*. They contended, *inter alia*, that the county court has the discretion in a proper case to refuse an allowance in the first instance. R. S. sec. 3935, subd. 2; *Kersey v. Bailey*, 52 Me. 199; *Tarbox v. Fisher*, 50 id. 238; *Gowen's Appeal*, 32 id. 516, 517; *Hollenbeck v. Pixley*, 3 Gray, 524; *Washburn v. Washburn*, 10 Pick. 374–5; *Wright v. Wright*, 13 Allen, 207, 209; *Duncan v. Eaton*, 17 N. H. 441; Schouler, Ex'rs (2d ed.), sec. 449. The county court has the power to modify or vacate an order of allowance that has been granted by it. Decisions to the contrary are clearly distinguishable as made under statutes different from ours, or in the form of the order or judgment by virtue of which the allowance was granted.

For the respondents there was a brief by *A. L. Sanborn*, guardian *ad litem*, and *S. U. Pinney*, of counsel, and the cause was argued orally by *S. U. Pinney* and *B. J. Stevens*. To the points that the order of the county court was erroneous because retroactive, and that the allowance could not be revoked entirely, and generally as to the rights of the respondents to an allowance, they cited *Baker v. Baker*, 51 Wis. 538; *S. C.* 57 id. 382; *Pettee v. Wilmarth*, 5 Allen, 144; *Heirs of Sawyer v. Sawyer*, 28 Vt. 245–6; *Moore v. Moore*, 48 Mich. 271; *Phelps v. Phelps*, 72 Ill. 545; *Patterson v. Patterson*, 49 Mich. 178; *Thompson's Adm'r v. Thompson*, 51 Ala. 493; *Wally v. Wally*, 41 Miss. 657; *Drew v. Gor-*

*don,* 13 Allen, 120; *Godfrey v. Getchell,* 46 Me. 537; *Foster v. Foster,* 36 N. H. 437; *Woodbury v. Woodbury,* 58 id. 44; *Barnum v. Boughton,* 55 Conn. 117; *Washburn v. Washburn,* 10 Pick. 374; *Kingsbury v. Wilmarth,* 2 Allen, 310; *Slack v. Slack,* 123 Mass. 445; *Rush v. Clark,* 127 id. 111; *Brazer v. Dean,* 15 id. 183; *Paine v. Hollister,* 139 id. 144; *Pray v. Gorham,* 31 Me. 240; *E. B. v. E. C. B.* 28 Barb. 300; *Bartley v. Richtmyer,* 4 N. Y. 38; *Comm. v. Murray,* 4 Bin. 487; *Williams v. Hutchinson,* 3 N. Y. 312; *South v. Denniston,* 2 Watts (Pa.), 474; *Davies v. Williams,* 10 Q. B. 725.

Lyon, J.    The order of the county court of February 5, 1890, cut off all allowances to the family of the testator after July 18, 1889.    The judgment and order of the circuit court, from which this appeal was taken, reverses such order, and continues the allowance given by the order of June 1, 1886, until August 10, 1889, that being the time the third petition to vacate the last-mentioned order was presented to the county court.    The effect of this is to entitle *Mrs. Ford* to receive from the estate $500, being the instalment due August 1, 1889, under the order of June 1, 1886, to which she would not be entitled were the order of February 5, 1890, allowed to stand.    Under the decision of this court in *Baker v. Baker,* 51 Wis. 538, it was error for the county court to give to its order a retroactive effect.    The most it could properly do was to stop allowances after August 10, 1889, when the petition in that behalf was presented to it.    The judgment of the circuit court corrects this error.

The only other effect of the order of the circuit court of which the executor complains is that it gives *Marcus* an allowance out of the estate for his maintenance of $600 per annum.    There can be no legal objection to an allowance for that purpose, for the estate is solvent and is yet in

Ford vs. Ford and another.

progress of settlement. Hence the allowance is authorized by sec. 3935, R. S. Neither can it be justly claimed that such allowance is too large. The estate is quite ample, and the expense of giving *Marcus* a proper education will be considerable for some time to come, besides the necessary cost of his maintenance over and above the expense of his education. Under all the circumstances, the allowance seems quite reasonable, and no good reason appears why this court should now interfere with it. Moreover, the amount of the allowance is a matter within the sound discretion of the court, and the order therefor may be vacated or changed by the county court at any time hereafter for causes arising since it was made.

*By the Court.*— The order and judgment of the circuit court must be affirmed. The taxable costs of the executor, and of *Mrs. Ford* and *Marcus*, on this appeal, will be paid out of the estate. The executor will be allowed, in the taxation of his disbursements for printing the abstract of the case, for only one hundred pages.

NOTE BY LYON, J. Since writing the above opinion our attention has been called to the fact that the appeal is not from the whole of the order and judgment of the circuit court. A further examination shows that the appeal is from specific paragraphs therein, and seems to cover the whole of it except the portion which cuts off the allowance to *Mrs. Ford* after August 10, 1889. Of course, the affirmance of such order and judgment relates to and affects only those portions thereof which were thus appealed.