TOLEDO COMPUTING SCALE COMPANY, Respondent, vs. PO-LANIS, Appellant.

*May 1—May 21, 1914.*

*Replevin: Nonsuit: Judgment not a bar to another action: Milwau-kee civil court: Appeal: New trial.*

1. Where, in an action of replevin in the Milwaukee civil court, the record shows that the issues were not tried upon evidence and that judgment of dismissal was awarded on the ground that plaintiff had not proven a cause of action, such judgment constituted a nonsuit and was not a bar to another action upon the same cause.

2. Under sub. 3, sec. 28, ch. 549, Laws of 1909, where a judgment of the Milwaukee civil court is reversed by the circuit court and a new trial ordered, such trial should be had in the circuit court.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The appeal is from an order reversing the judgment of the

civil court of Milwaukee county and granting a new trial in a replevin action.

The plaintiff commenced a replevin action on January 25, 1912, in the civil court of Milwaukee county to recover a scale from the defendant upon an affidavit for warrant of seizure, and warrant issued. The scale in question was seized by the sheriff and held subject to the order of the court. When the case was called the court sustained a demurrer to the affidavit of the plaintiff on the ground that it did not state whether the plaintiff was an individual, copartnership, or a corporation, and upon plaintiff's motion it was granted leave to file a new affidavit. Plaintiff filed a new and sufficient affidavit, and the defendant answered that the claim of the plaintiff had been fully paid and satisfied, and further that the company was not legally authorized to do business in this state. The court thereupon ordered the company to furnish security for costs in the sum of $20, which was complied with and the case called for trial. The parties announced that they were ready for trial. At this point the record shows no witnesses were sworn or any evidence offered by either party; nor is there any record of any evidence in that case returned with the record to the circuit court. Upon defendant's motion the court, being sufficiently advised, ordered the complaint dismissed on the ground that the plaintiff had not proven its case, and awarded judgment dismissing the action with costs, as follows: "It is adjudged that the complaint of the plaintiff be dismissed and that the defendant, *John Polanis,* recover of the plaintiff, the *Toledo Computing Scale Company,* the costs of this action, taxed at $5 attorney fees."

Upon February 8th the plaintiff in the above action began another replevin action against the defendant involving the identical property and issues as the former one. When this second case was called in the civil court of Milwaukee county the defendant demurred to the affidavit on the ground that the affidavit failed to allege that the plaintiff is a corporation

licensed to do business in the state of Wisconsin, which was overruled. The defendant then, by way of plea in bar, alleged that the identical issues and facts involved in this second action had been adjudicated in the former action. The civil court sustained this plea and dismissed the action. The plaintiff appealed to the circuit court from the judgment of the civil court sustaining the plea in bar, and the circuit court reversed the judgment and directed that a new trial be had in the circuit court. In making this order the court said:

"The court is in doubt as to the proper order that should be made in this case. If the plaintiff had offered its proof on the trial, then there is no doubt but what a new trial should be had on the record. The plaintiff offered no proof, and the defendant offered no proof excepting the record of the previous trial, so that the court is without evidence here upon which to determine the case on this appeal, and has concluded to reverse the judgment of the court below and direct that the case stand for trial in the circuit court, new evidence to be taken, with costs of this appeal to the plaintiff."

From this order the defendant appeals.

The cause was submitted for the appellant on the brief of *Casimir Gonski,* and for the respondent on that of *Carroll & Carroll.*

SIEBECKER, J. The appellant contends that the circuit court erred in reversing the judgment of dismissal of the civil court. It is claimed that the record of the proceeding of the civil court in the first action shows that a trial was had and that the court found that plaintiff had "not proven its case and that the action should therefore be dismissed," and awarded judgment accordingly. The record of the civil court omits to show that any witnesses were sworn or that any evidence was offered at the trial of the action by either party. This indicates that the parties submitted the case without producing any evidence. The court was proceeding within the

law governing the jurisdiction of a court of a justice of the peace, and this requires that full minutes of all the evidence given at the trial of a cause shall be reduced to writing and be filed among the papers of the case. Ch. 549, Laws of 1909-; sec. 3638, Stats. This record of the civil court in the first action, therefore, shows that the issues were not tried upon evidence and that judgment of dismissal was awarded upon the ground that plaintiff had not proven a cause of action. Such judgment of dismissal constitutes a nonsuit, and, the proceeding being one in replevin, it devolved on the court to assess damages for the caption and detention of the property and to make an order for its return to the defendant and adjudge that he recover his damages and costs. Sec. 3743, Stats.; *Timp v. Dockham,* 32 Wis. 146.

It has been repeatedly held that a judgment of nonsuit in an action is not a bar to another action upon the same cause. *Strehlau v. John Schroeder L. Co.* 152 Wis. 589, 142 N. W. 120; *Kaley v. Van Ostrand,* 134 Wis. 443, 114 N. W. 817. It necessarily follows that the circuit court properly held that the civil court in the instant case erred in dismissing the plaintiff's complaint upon the ground that the judgment in the first case was a bar to the prosecution of this action.

It is claimed that the circuit court improperly ordered a trial of the issues in the circuit court. This order is proper under Laws of 1909, ch. 549, sec. 28, sub. 3. *Pennsylvania C. & S. Co. v. Schmidt,* 155 Wis. 242, 144 N. W. 283; *Hanna v. C., M. & St. P. R. Co.* 156 Wis. 626, 146 N. W. 878.

*By the Court.*—The order appealed from is affirmed.