Estate of Sullivan: Schultz and another, Appellants, vs. Sullivan and others, by guardians *ad litem,* Respondents. [Two appeals.]

*January 7—February 4, 1930.*

For the appellants there were briefs by *Otto A. Lemke,* attorney, and *M. H. Sell,* of counsel, both of Milwaukee, and oral argument by *Mr. Sell.*

*J. P. Beuscher* of Milwaukee, guardian *ad litem,* for the respondents Max and Maxine Sullivan.

*Lorenz & Lorenz* of Milwaukee for respondent Ruby Gordon, general guardian of Max and Maxine Sullivan.

*Joseph O'Day* of Milwaukee, guardian *ad litem* for John McBride Sullivan, Jr.

ROSENBERRY, C. J.   The question presented upon this appeal requires an interpretation of sec. 318.01 (2), Stats., already set out.   On behalf of the petitioner it is argued that the statute is mandatory; that it was the duty of the court to make a reasonable allowance out of the estate, and that refusal of the court to make the petitioner any allowance was erroneous.   On the other hand, it is argued that the statute is purely discretionary; that the widow has received certain insurance moneys and other resources, and that it would be equitable to deny her support under the statute, under all the facts and circumstances of this case.

It is considered that the object and purpose of the statute is to substitute the estate of the husband for the deceased husband during the progress of the settlement of the estate so far as support of the family is concerned.   What allowance should be made is to be determined under all the facts and circumstances.   Ordinarily in the case of a solvent estate it would be such sum as would maintain the family in approximately the same degree of comfort in which they

were maintained by the husband. Under the statute the widow is entitled to an allowance for her support during the progress of the settlement of the estate and it should be paid when and as there are funds available for that purpose, and the fact that the widow has been able to survive by means of aid extended to her or loans made by her friends or relatives does not deprive her of her rights under the statute. All the facts and circumstances of this case were before the court. It is not necessary to have a rehearing of the matter.

There were originally three appeals in this case—(1st) that of Elza Schultz, (2d) that of G. P. Thiedt, administrator, and (3d) that of Ruby A. Gordon, divorced wife of the deceased. The appeal of Ruby A. Gordon has been abandoned by counsel. Her counsel joined in the brief of the guardian *ad litem* of Max and Maxine Sullivan, children of Mrs. Gordon. The guardian *ad litem* contends that the appeal of Elza Schultz should be dismissed because not perfected in accordance with the statute, and that the appeal of G. P. Thiedt, administrator, should be dismissed because he has no right to appeal. The same questions would be raised upon each appeal.

Sec. 324.01 (2) provides:

"In counties having a population of over fifteen thousand, in all cases not otherwise provided for, any executor, administrator, guardian, trustee, or any person aggrieved by any order, judgment, decree, determination or denial of the county court shall have the right to have the same reviewed by writ of error or appeal from the county court to the supreme court."

In *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489, it was said:

"Sec. 4031 [now sec. 324.01] expressly recognizes an administrator standing as the representative of persons who would be injuriously affected by a determination of the county court, if it were allowed to stand, as a party

aggrieved. That is the plain meaning of the language: 'In all cases not otherwise provided for, any executor, administrator, guardian, trustee or any person aggrieved,' etc. Plainly, any one of the persons specially mentioned is recognized as a party aggrieved, when any one whose interest he represents is aggrieved. It was the duty of the administrator to preserve the property of the estate, so far as he legally could, for transmission to the heirs of the deceased. In the settlement of claims against the estate he stood for them. Any injury to their interests, in legal effect, was a grievance to him within the meaning of the appeal statute. . . . It is elementary that the legal representative of interests involved in litigation, prejudicially affected by the result, is a party aggrieved within the meaning of appeal statutes."

Within the doctrine of this case the administrator was entitled to take the appeal.

We shall not discuss the proposition that the appeal of Elza Schultz was not perfected. It was quite apparent that it was taken in good faith, and if not perfected it would be our duty under sec. 274.32 to stay the proceedings and permit it to be perfected. All questions presented upon her appeal being presented upon the appeal of the administrator, further consideration is not necessary.

*By the Court.*—That part of the order appealed from is reversed, and cause remanded with directions to the trial court to make an allowance pursuant to the statute as indicated in this opinion.

Owen, J. (*dissenting*). While I agree with the construction of the statute relating to the support to which a widow is entitled from the estate of her deceased husband, I cannot agree that the administrator had any right to appeal. The right of appeal is a statutory right awarded to those who have an interest in the subject matter of the litigation and whose interests are adversely affected by the judgment or order appealed from. While it is within the power of the legislature no doubt to enlarge the class which may be

permitted to appeal, to extend that right to volunteers or interlopers who are not interested in the subject matter of the litigation, or whose interests are not prejudiced by the order or judgment appealed from, would be just as much against public policy as champerty or maintenance. Such a right would be contrary to the policy which encourages the settlement of controversies and would compel appellate courts to devote their time and energies to the settlement of purely moot questions. That the right of appeal is so limited seems to be universal, so far as I have been able to ascertain. 2 Ruling Case Law, pp. 52–3; 3 Corp. Jur. p. 116; note in 119 Am. St. Rep. 747. That the right of appeal is confined to parties aggrieved is the settled doctrine of this court. *Bragg v. Blewett,* 99 Wis. 348 (74 N. W. 807), and cases cited at the bottom of p. 355. In *McGregor v. Pearson,* 51 Wis. 122, 8 N. W. 101, it was said: "This is too obvious to need authority." Where appeal statutes are ambiguous they should be construed in harmony with this underlying principle.

In this case the administrator appealed from an order denying to a widow support money out of the estate of her husband. That the administrator represents the estate as a whole, and the heirs generally, is fundamental. The application of the widow for support money was a proceeding having for its purpose the depletion of the estate so far as the general heirs were concerned. It was to her interest to have the petition granted. It promoted the interests of the estate and of the heirs generally to have the petition denied. In this proceeding it was the duty of the administrator to represent the estate and the heirs generally. Their interests were adverse to the interests of the widow. A denial of her petition prejudiced no interests represented by the administrator.

Sec. 324.01 (2), Stats., gives the right of appeal to "any executor, administrator, guardian, trustee or any person aggrieved by any order, judgment, decree, determination or

denial of the county court." This plainly recognizes the general principle that the person appealing shall be aggrieved by the order or judgment appealed from. There is no room here to contend that the word "aggrieved" modifies only its immediate antecedent "any person," in view of the general purpose and reasons underlying the right of appeal. Ordinarily the right of appeal is confined to the right of a party to the action. Sometimes it extends to privies, but in the matter of the probate of estates this section of the statutes extends the right of appeal to any person aggrieved. It does not mean that an administrator or executor can appeal whether aggrieved or not. Should there be any ambiguity with reference to this provision as heretofore stated, it should be considered in harmony with the general principles relating to the right of appeal, and as so construed the right of an executor or an administrator to appeal from the determination of the county court must be limited to those determinations which prejudice the administrator personally or the rights which he represents. As illustrative of this, it is generally if not universally held that an administrator or executor has no right to appeal from an order distributing the estate. He does not represent any particular heir or legatee, and consequently he is not aggrieved if some heirs or legatees receive less than they are entitled to. *Bates v. Ryberg,* 40 Cal. 463; *In re Heydenfeldt,* 117 Cal. 551, 553, 49 Pac. 713; *Vincent's Estate,* 84 Vt. 89, 78 Atl. 714; *Merrick v. Kennedy,* 46 Neb. 264, 64 N. W. 989; *Appeal of Stilphen,* 100 Me. 146, 60 Atl. 888; *Estate of Craig,* 101 Neb. 439, 163 N. W. 765; *Dewar's Estate,* 10 Mont. 422, 25 Pac. 1025; *Estate of Williams,* 122 Cal. 76, 54 Pac. 386; *Bryant v. Thompson,* 128 N. Y. 426, 28 N. E. 522.

The case of *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489, cited and relied upon in the opinion, is not an authority supporting the right of the administrator to appeal in this case. In that case the appeal was from an order

allowing a claim against the estate—a situation exactly opposite to that presented here. It was argued in that case that the administrator had no right to appeal because he was not a party aggrieved. What is said in the opinion is in answer to that contention. His right to appeal was not placed upon the ground that he need not be a party aggrieved, but on the ground "that sec. 4031 (now sec. 324.01) expressly recognizes an administrator standing as the representative of persons who would be injuriously affected by a determination of the county court, if it were allowed to stand, as a party aggrieved." . . . "It was the duty of the administrator to preserve the property of the estate, so far as he legally could, for transmission to the heirs of the deceased. In the settlement of claims against the estate he stood for them. Any injury to their interests, in legal effect, was a grievance to him within the meaning of the appeal statute."

In my judgment the administrator had no more right to appeal from the order disallowing support money to the widow than he would have to appeal from an order disallowing a claim against the estate.

STEVENS, J. (*concurring*). I concur in the result of the majority decision, but am not prepared to sanction the rule that the personal representative is a party aggrieved who may appeal in all cases regardless of the question involved upon the appeal. I am satisfied, however, that the administrator was a party aggrieved by the order here in question, because he had advanced money to the widow for her support which could not be credited to him in the settlement of his accounts if the order denying the widow's allowance was not reversed. This fact made him a party aggrieved by the order involved in this appeal.

An administrator has no right to pay out funds in estates in his custody for the support of a widow without the entry

598

of a court order making such allowance. Without such order, a payment is made at the peril of the personal representative. But if such payment is made in the good-faith belief that the widow is entitled to support, as it was apparently in the case at bar, the fact that such a payment has been made gives the administrator such an interest as to make him a party aggrieved by an order denying an allowance, within the meaning of sub. (2) of sec. 324.01 of the Statutes.

The question presented is the right of the administrator to appeal,—not the question whether the expense of such an appeal should be paid out of the estate, which is a question that should be left to future determination.