WILL OF HIPSCH: HIPSCH, Appellant, vs. HIPSCH, Executor, Respondent.

*December 1—December 30, 1953.*

For the appellant there was a brief by *Howard A. Tilg*
and *George W. Koch, Jr.,* both of Milwaukee, and oral argu-
ment by *Mr. Tilg.*

For the respondent there was a brief and oral argument
by *Alvin M. Strnad* of Milwaukee.

MARTIN, J.   It is stated in the trial court's opinion:

"It seems clear that testator intended to devise and be-
queath to his wife only a part of his estate and the residue,
upon termination of the trust, to go to his brother, two
sisters, and his wife.   We cannot hold that he intended all
of his property to go to his widow which would be the result
under the statutes (237.02) (318.01) had he not lawfully
devised or bequeathed the same."

Sec. 237.02, Stats., provides:

"*Homestead how to descend.*   When the owner of any
homestead shall die, not having lawfully devised the same,
such homestead shall descend in the manner following:
"(1) If the decedent shall have no lawful issue, to the
widow or widower.
"(2) If the decedent shall leave a widow and issue or a
widower and issue, to the widow or widower so long as not
remarried, and upon marriage or death to the original dece-
dent's heirs according to section 237.01, . . ."

It is unnecessary to discuss the cases of *Will of Pfeiffer*
(1939), 231 Wis. 117, 285 N. W. 432, and *Will of Bresne-*
*han* (1936), 221 Wis. 51, 265 N. W. 93, referred to in the
briefs.   The instant case is governed by *Estate of Gray*
(1953), ante, pp. 217, 218, 61 N. W. (2d) 467, where the
language considered was as follows:

"I herewith give, devise, and bequeath unto my wife,
Mildred Gray, the share of my estate which she would re-
ceive under the law if I died intestate."

Here the language in question is "such homestead and dower rights in all of the real estate of which I may die seized as she would have if I had died intestate."

In the *Gray Case,* as here, the language quoted is followed by a residuary clause. It was there held that such language was not ambiguous, and that it could not be construed as meaning the wife should receive that share of the estate which she would receive under the law if she elected to take under the law instead of under the will, without transgressing the rule that a court cannot reform a will by changing its language but can only construe the language as written. It was also held that even though the residuary clause of the will establishes that the testator intended there would be a residue, the courts are nevertheless without authority to reform and remake the will and cut down the bequest and devise to the widow so as to leave a residue to pass under the residuary clause.

For a full discussion of all matters involved, see the *Gray Case, supra.*

*By the Court.*—Order reversed and cause remanded with directions to enter an order construing the will so as to bequeath and devise to the widow, Marie Hipsch, in fee, the entire real estate of which the testator died seized.