WILL OF KLINKERT: WILLIAMS and another, Appellants, vs. FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Executor, and another, Respondents.

*June 1—June 28, 1955.*

For the appellants there was a brief by *Benson, Butchart, Haley & Benson* of Racine, and oral argument by *Donald A. Butchart*.

For the respondent Helen Klinkert there was a brief by *Flynn, Greenquist & De Mark* of Racine, and oral argument by *Kenneth L. Greenquist*.

BROADFOOT, J.  At the hearing upon the petition the attorneys for the widow urged, and the trial court, with some reluctance, determined, that this case is governed by the decisions of this court in *Estate of Gray*, 265 Wis. 217, 61 N. W. (2d) 467, and *Will of Hipsch*, 265 Wis. 446, 62 N. W. (2d) 18. In the *Gray Case* appeared the following provision for the widow (p. 218) :

"I hereby give, devise, and bequeath unto my wife, Mildred Gray, the share of my estate which she would receive under the law if I died intestate."

This provision was followed by a residuary clause in favor of sisters of the testator. In the *Hipsch Case* the following provision was made for the widow (p. 447) :

"I give, devise, and bequeath to my wife, Marie Hipsch, such homestead and dower rights in all of the real estate of which I may die seized as she would have if I had died intestate."

This provision was followed by a residuary clause. In the *Gray Case* a majority of this court determined that the provision for the widow was not ambiguous; that it effectively disposed of the entire estate and there was only found to be ambiguity by the trial court by resort to the testimony of the scrivener of the will. That testimony had been given under objection by the widow and this court held that the same was inadmissible. In the *Hipsch Case* also it was determined that the provision for the widow, standing alone, was not ambiguous.

The distinction between the two cases cited and the present case is that here the provision for the widow is ambiguous. In the provision for the widow the testator first provided that she should take under the laws of descent, which technically refer only to real estate. He then uses the words "statutory share" twice. In our opinion this brings this case within the rule of *Will of Pfeiffer,* 231 Wis. 117, 285 N. W. 432. In the *Gray Case, supra,* this court distinguished the *Pfeiffer Case* as follows (p. 222) :

"The opinion of this court in the case of *Will of Pfeiffer* . . . is illustrative of a true construction of language of a will, as distinguished from reformation. Testator in that case also was survived by a widow but no issue, and by his will he bequeathed to his wife 'all that part of my estate which would legally go to her according to the statutes provided therefor' and then he bequeathed the residue in seven equal parts to other relatives. Mr. Justice NELSON, in the opinion of the court, pointed out that there were two sets of statutes making provision for a widow, viz., one being the statute determining the widow's rights to the estate in the event of the husband dying without a will, and the other being the statute which governs the rights of the widow to the estate in the event the husband dies testate but she elects to renounce the will and take under the law. The conclusion reached was that testator's words 'according to the statutes provided therefor' had reference to the last-mentioned statute governing a widow's rights in the event of her election to take under the law instead of under the will rather than to the intestacy statutes."

Once it is determined that the provision is ambiguous the court must resort to the familiar rules of construction. The first rule to be applied is stated in 2 Page, Wills (lifetime ed.), p. 804, sec. 918, as follows:

"The sole purpose of the court in construing a will is to ascertain the intention of the testator as the same appears from a full and complete consideration of the entire will, when read in the light of the surrounding circumstances."

In Wisconsin the rule has been many times stated as follows:

" 'In construing wills, all rules of construction yield to the cardinal rule that the language of a will should be so construed as to give effect to the intention of the testator, if that intention may be ascertained from the language of the will itself, considered in the light of the surrounding circumstances.' " *Will of Stevens,* 232 Wis. 111, 286 N. W. 574; *Will of Asby,* 232 Wis. 481, 287 N. W. 734; *Will of Smith,* 235 Wis. 66, 292 N. W. 443; *Will of Pfeiffer,* 231 Wis. 117, 119, 285 N. W. 432.

The duty of the trial court in applying the rule has been stated in 2 Page, Wills (lifetime ed.), p, 815, sec. 920, as follows:

"While the intention of the testator is to be ascertained, in the first instance, from the language which is used in the will, his intention cannot be ascertained from such language alone. The testator used this language in view of the surrounding circumstances, as known to him, and with reference thereto. If the court refuses to consider the surrounding circumstances, the court declines to place itself in the position in which testator was, when he used the language which the court is trying to construe; and the meaning which is thus ascertained is very likely to be different from the meaning which the testator in question had; as well as different from the meaning which the average testator would have had under like circumstances. For these reasons the court places itself in the position in which testator was when he made the will; and the will is construed in the light of the surrounding facts and circumstances."

In *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050, this court said (p. 47):

"Much difficulty is liable to occur in initial trials, involving the construction of wills by taking some particular adjudications respecting some other wills as controlling, instead of looking to legal principles for guidance, or from following some well-known rule for judicial construction as if it were

applicable, universally, instead of appreciating that, in general, such rules are to be used in choosing between reasonable meanings of substantial equal dignity and keeping prominently in mind that paramount to all others, is the rule that the intention of the testator should prevail so far as it can be read out of the language used to express it. Then one is liable to go widely astray if it be not appreciated that while, primarily, it is to be presumed that a testator used language in its common ordinary and literal sense, that yields easily to the fact, in case of the fact existing from any legitimate cause, that read in such sense the meaning would be left in obscurity or found to be contrary to the testator's intention."

This case has been cited with approval in many later decisions of this court. The rule is also cited with approval in an annotation in 17 A. L. R. (2d) 655. In that case the court also said that once it is determined that ambiguity exists, the court has great powers which may be exercised to prevent failure of testator's purpose. We wish to reiterate that difficulty is apt to occur when taking a particular adjudication respecting some other will as controlling. Seldom, if ever, is the identical language used and never are the surrounding circumstances identical.

As to the surrounding circumstances, the record is very meager. What there is in the record indicates that the marriage was not entirely a happy one. There is in the record a copy of a complaint in a divorce action commenced by Helen Klinkert against Frank Klinkert, which was served on him on September 9, 1953, just twelve days prior to his death. The complaint recites that two prior actions for divorce had been commenced by Helen Klinkert but that the parties became reconciled and the suits were dismissed. The complaint asked for divorce on the grounds of cruel and inhuman treatment, and alleged that Frank Klinkert had treated his wife in a cruel and inhuman manner ever since the first year of the marriage. The will before us was executed approximately eighteen months after the marriage. Since the provision in the will for the widow is ambiguous and requires

construction, we have applied the rules applicable thereto and determine that the testator intended to devise and bequeath to his widow her dower and homestead rights in the estate of her husband and a one-third interest in the personal property, to which she is legally entitled and of which she may not be deprived.

The widow contends that even though the language of the paragraph of the will in question is ambiguous, still a proper construction thereof would give to her the entire estate. She contends that the testator had in mind that there might be children of the marriage or that the parties might adopt one or more children. In that case, she argues, the provisions would be consistent. The argument is ingenious but without merit.

She also cites other rules that may be considered in construing the provisions of a will but which are of lesser importance than the cardinal rule stated above.

*By the Court.*—Order reversed. Cause remanded with directions to enter an order consistent with this opinion.