ESTATE OF MAYER: MAYER (Lillie), Appellant, v. MAYER (Clement W.) and another, Coexecutors, Respondents.

*December 3, 1965—January 4, 1966.*

498

For the appellant there were briefs by *Merten, Connell & Sisolak* and *Walter L. Merten,* all of Milwaukee, and oral argument by *Walter L. Merten.*

For the respondents there was a brief by *Marth & Marth* of West Bend, and oral argument by *William J. Marth.*

CURRIE, C. J.   We consider these issues are presented by the instant appeal:

(1)   Does the county court possess the discretion to deny a petition for widow's allowance where it finds that the widow possesses sufficient financial resources derived from her deceased husband to provide herself with comfortable support during the probate of her husband's estate?

(2)   If the foregoing question is answered in the affirmative, did the instant order denying the petition for an allowance constitute an abuse of discretion?

(3)   Is the order dismissing the petition for removal of the executors an appealable order?

(4) Did the county court have jurisdiction to dismiss the petition for removal of the executors after the widow had perfected her appeal from the order denying the petition for an allowance?

(5) If the county court possesses such jurisdiction, was it error to have dismissed the petition because neither she nor her counsel appeared at the date of hearing?

Appellant widow's brief raises other issues with respect to the conduct of the executors. We do not reach such issues because under our disposition of issue (5) we do not find it necessary to pass on the merits of appellant's petition to remove the executors.

*The Petition for Widow's Allowance.*

Sec. 313.15 (2), Stats., provides:

*"ALLOWANCE TO FAMILY.* The widow and minor children, or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the real estate, or both, of the deceased as the county court shall judge necessary for their maintenance until an award shall be made or refused as provided in subsection (4) (a) of this section, or their shares assigned to them."

Appellant contends that while the county court has discretion under this statute in fixing the amount of a widow's allowance, the statute makes it mandatory that some allowance be ordered. She especially relies upon this statement appearing in *Estate of Sullivan:* [1]

"It is considered that the object and purpose of the statute is to substitute the estate of the husband for the deceased husband during the progress of the settlement of the estate so far as support of the family is concerned. What allowance should be made is to be determined under all the facts and circumstances. Ordinarily in the case of a solvent estate it would be such sum as would main-

[1] (1930), 200 Wis. 590, 229 N. W. 65.

tain the family in approximately the same degree of comfort in which they were maintained by the husband. Under the statute the widow is entitled to an allowance for her support during the progress of the settlement of the estate and it should be paid when and as there are funds available for that purpose, and the fact that the widow has been able to survive by means of aid extended to her or loans made by her friends or relatives does not deprive her of her rights under the statute." [2]

While the aforequoted statement makes clear the purpose of the family allowance provided for by sec. 313.15 (2), Stats., it does not declare that such an allowance must be granted in every case of a solvent estate. The use of the word "Ordinarily" at the beginning of the third sentence suggests that there may be exceptions to the rule therein announced. The statutory words "such reasonable allowance . . . as the county court shall judge necessary" also are subject to the reasonable interpretation that there might be situations in which a county court could determine that no allowance was necessary. On a number of occasions this court has affirmed the plain meaning of the statute by stating that the matter of allowances is a matter within the discretion of the probate court. As this court said in *Ford v. Ford* [3] in upholding an allowance by the circuit court:

"Under all the circumstances, the allowance seems quite reasonable, and no good reason appears why this court should now interfere with it. Moreover, the amount of the allowance is a matter within the sound discretion of the court, and the order therefor may be vacated or changed by the county court at any time hereafter for causes arising since it was made." [4]

---

[2] Id. at pages 592, 593; portions of this statement quoted with approval in *Wiener's Estate v. United States* (D. C. Wis. 1964), 235 Fed. Supp. 919; also see Comment, Wisconsin Law Relating to Protection of the Family on Death of the Property Owner, 1960 Wisconsin Law Review, 110, 111.

[3] (1891), 80 Wis. 565, 50 N. W. 409.

[4] Id. at page 569; in accord are *Baker v. Baker* (1881), 51 Wis. 538, 549, 8 N. W. 289; *Estate of Sullivan, supra,* footnote 1; Comment, 1960 Wisconsin Law Review, 110.

We have no hesitancy in holding that sec. 313.15 (2), Stats., does not lay down a mandatory requirement that an allowance must be ordered in every solvent estate in which an application therefor is made. Where, as here, such an application has been wholly denied the issue on review by this court is whether the denial constitutes an abuse of discretion.

In the instant case we have several special circumstances. The decedent was survived by no minor children so the requested allowance is only for the widow. All of the widow's income except her social-security-benefit payments has been derived from decedent under circumstances which indicate that decedent created these sources of income so that she would be provided with support upon his death. The will contained the significant recital that decedent had arranged for appellant "to receive a guaranteed income for life" after his death and because of this it had been agreed between them that the residue of decedent's estate should go to his children, or their issue. Appellant offered no evidence to rebut this recital. The record does not indicate that she was ever employed in an occupation covered by social security so it is probable that the monthly social-security-benefit payments which she receives are derivative from the husband's employment. Her living quarters have been provided through the devise in the will of the right to occupy the homestead for life or until she remarries. Decedent was an insurance agent and had arranged that his share of renewal premiums would be payable to appellant after his death.

The inventory in decedent's estate lists property of the appraised value of $20,726, exclusive of joint property.[5] Appellant testified that she receives $95.70 monthly from social security and $89.74 monthly under the Wisconsin National Life Insurance Company policy. She also stated

[5] *Estate of Mayer* (1965), 26 Wis. (2d) 671, 674, 133 N. W. (2d) 322.

that she had received an average of $100 per month in commissions from renewal premiums on policies sold by decedent, but that this amount would decline to zero by 1970. She had not rented the office in the homestead, and, when asked why she had not rented it, she replied, "Why should I?" At the time of decedent's death there was a joint checking account of $2,890.14 standing in his and appellant's names and a joint savings account of $357.16, which became appellant's sole property by right of survivorship. There was no testimony that appellant's income was not sufficient to maintain her in approximately the same degree of comfort as she was maintained by decedent prior to death.

The instant facts clearly demonstrate that the county court's denial of the petition for widow's allowance did not constitute an abuse of discretion.

*Order Dismissing Petition for Removal of Executors.*

The order dismissing the petition for removal of the two executors is an appealable order under sec. 274.33 (1), Stats., because it is a final order affecting a substantial right made in a special proceeding.[6]

Appellant contends that the county court had been deprived of jurisdiction to enter this order by reason of the fact that prior to the date of issuing this order appellant had perfected her appeal from the order denying the application for widow's allowance.

An appeal from a judgment or order strips the trial court of jurisdiction with respect to the subject matter of the judgment or order, except in certain unsubstantial and trivial matters, and the supreme court then has jurisdiction until the appeal has been determined.[7] The

[6] Cf. *Frame v. Plumb* (1908), 135 Wis. 24, 28, 114 N. W. 849.

[7] *State ex rel. Zabel v. Municipal Court* (1923), 179 Wis. 195, 198, 190 N. W. 121, 191 N. W. 565; *Seyfert v. Seyfert* (1930), 201 Wis. 223, 226, 229 N. W. 636; *Carpenter Baking Co. v. Bakery Sales Drivers Local Union* (1941), 237 Wis. 24, 29, 296 N. W. 118.

reason for this rule is that, once the appeal has been taken, the trial court ought not to have the power to do anything that might adversely affect the rights and interests of the parties in the appeal. This rule does not deprive the trial court of jurisdiction to hear and determine a matter which is separate from and independent of the matter determined by the judgment or order appealed from.

We deem particularly applicable, this statement made in *Estate of Bailey*: [8]

"It will be noticed that this was an appeal from the final judgment, which brought up the entire record in the case. This is said lest it be thought that an appeal from any order of the county court in a probate proceeding transfers entire jurisdiction of the proceeding to this court. An appeal from an order of the county court transfers to this court only such portions of the proceeding as are germane to the order appealed from."

The hearing and determination of the petition for removal of the executors is a matter distinctly independent and apart from the order denying a widow's allowance. Its determination would not affect the questions to be determined by the appeal from the former order. Even if the executors were to be removed pending such appeal, the appeal would not be directly affected thereby as the successor administrator, or administrators, with the will annexed, would be substituted as respondent parties. For these reasons we hold that the pendency of this appeal did not deprive the county court of jurisdiction to enter the order dismissing the petition to remove the executors.

The last point to be considered is whether it was error for the county court to have dismissed the petition for removal of executors. We determine that it was within the inherent power of the court to order a dismissal of the petition because of the failure of appellant and her counsel to appear on the adjourned date set for its

---

[8] (1931), 205 Wis. 648, 653, 238 N. W. 845.

hearing, and that it was not error to do so. If appellant hereafter institutes a new petition for removal, the order of June 14, 1965, would not be *res judicata* of the issues raised by such new petition because this order does not purport to pass on the merits of the original petition for removal.[9]

*By the Court.*—Orders appealed from affirmed.

---

[9] *Corwith v. State Bank of Illinois* (1862), 15 Wis. 317 (*289), 318 (*290). Cf. Cases holding that a judgment of nonsuit or dismissal not on the merits is not a bar to a subsequent action on the same cause, *Toledo Computing Scale Co. v. Polanis* (1914), 157 Wis. 312, 315, 147 N. W. 632; *State ex rel. Faber v. Hinkel* (1907), 131 Wis. 103, 109, 111 N. W. 217; *Gratz v. Parker* (1908), 137 Wis. 104, 106, 118 N. W. 637.