ESTATE OF JANKEWICZ: JANKEWICZ, Appellant, v. DMITROVSKY and others, Respondents.

*January 10—February 1, 1966.*

714

For the appellant there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

For the respondents Andrew Dmitrovsky and Ivan Kozloski there was a brief by *Ebert, Kuswa & Ebert* of Milwaukee, and oral argument by *Arthur L. Ebert, Jr.*

For the respondent Orthodox Church of the Holy Virgin Protection there was a brief and oral argument by *Thomas P. Maroney* of Milwaukee.

BEILFUSS, J. The issues involved on this appeal are the construction of the will and the widow's right to allowances.

The portion of the testator's will in dispute here is:

"SECOND: It is my express wish and will that my wife, ANNA JANKEWICZ, also known as ANNA VOJTKA, shall receive no share or portion of my estate. If she is still my wife at the time of my death, and as such makes any claim to my estate, she shall receive only the minimum amount to which she may by law be entitled."

The residue was given to the respondent church.

Appellant petitioned the court for assignment of the entire estate, arguing that the will provides for her to take as if testator had died intestate. Then, under secs. 237.01 (2), 237.02 (1), and 318.01 (1), Stats., she would be entitled to the entire estate, testator having never had children.

The county court concluded that the will is not ambiguous and provides for appellant to receive only such share of the estate as provided by the statutes concerning election against the will—secs. 233.13, 233.14, Stats.

While the position taken by the court has considerable merit—especially in view of the facts that testator specifically disinherited appellant, that he provided for her to make a "claim" against his estate to receive anything, and that even then she would receive only the "minimum

amount" allowed by law—we prefer to hold that the will is ambiguous.

In *Estate of Gibbs* (1961), 14 Wis. (2d) 490, 496, 111 N. W. (2d) 413, we considered several instances of ambiguity in which extrinsic evidence may be resorted to. One example of a latent ambiguity discussed there is a situation where no single person or thing answers perfectly the description in the will, but two or more persons or things answer that description imperfectly. In the case at bar no set of laws exactly fits the description "law" used by the testator, but either the laws of intestacy or the laws of election against the will fit that description imperfectly. There is also a patent ambiguity existing on the face of testator's will. He expressed a wish that appellant receive nothing from his estate; he then expressed a means by which she could obtain some portion of his estate. This inconsistency on the face of the will raises a patent ambiguity. Thus, it was proper for the county court to consider extrinsic evidence, as it did, to construe the ambiguities in the will.

Appellant cites *Estate of Gray* (1953), 265 Wis. 217, 61 N. W. (2d) 467, and *Estate of Hipsch* (1953), 265 Wis. 446, 62 N. W. (2d) 18, in support of her argument that the laws of intestacy apply.

In *Estate of Gray, supra,* the will provided (p. 218):

" '3. I herewith give, devise, and bequeath unto my wife, Mildred Gray, the share of my estate which she would receive under the law if I died intestate.' "

The residue was given to three sisters.

We construed the will as unambiguous and ordered distribution under the laws of intestacy.

In *Estate of Hipsch, supra,* the will provided (p. 447):

" 'Second: I give, devise, and bequeath to my wife, Marie Hipsch, such homestead and dower rights in all of the real estate of which I may died seized as she would have if I had died intestate.' "

The residue was placed in trust.

Again, we found the will unambiguous, and relied on *Gray* to require distribution as in an intestacy.

In both of those cases the will was clear and unambiguous, and referred specifically to the intestate statutes. A different situation arose in *Will of Pfeiffer* (1939), 231 Wis. 117, 285 N. W. 432, and *Will of Klinkert* (1955), 270 Wis. 362, 71 N. W. (2d) 279.

In *Will of Pfeiffer, supra,* the will provided (p. 118):

" 'Second: I give, devise and bequeath unto my wife, Johanna Pfeiffer, all that part of my estate which would legally go to her according to the statutes provided therefor.' "

We found that will ambiguous and looked at the facts and circumstances surrounding the execution of the will and determined that the testator could not have contemplated the statutes operative only if there is no will, because the testator made a will purporting to dispose of all of his property. Thus, we held that the testator must have contemplated the election statutes.

In *Will of Klinkert, supra,* testator mentioned "statutory share" several times. We found an ambiguity in the language, and after looking to extrinsic evidence admitted, determined that testator was referring to the election statutes.

The present will contains language nearly identical to that in *Pfeiffer,* except that here we have even a stronger case for holding that decedent contemplated the election statutes. Decedent specifically disinherited his wife. The extrinsic evidence, mostly in form of facts stipulated, indicates that decedent must have intended that if appellant were to receive anything, she should take by election. The parties had been divorced once, and a second suit had been commenced. They had lived separated from one another for over seven years. Decedent had contributed nothing to appellant's maintenance and support during

those years. Appellant was self-supporting. She has not shown that she returned any of the property she received by the divorce judgment, even though that judgment was vacated. She used her maiden name, Vojtka, instead of her married name, Jankewicz, at least on some occasions. Decedent had a very close relationship with respondent church which he named as residuary beneficiary, being a long-time member and officer.

Thus, in construing the ambiguity in the will, we hold that the decedent intended appellant to receive no portion of his estate, except the share provided indestructibly by the election statutes.

Appellant petitioned the court for allowances under sec. 313.15 (2), (4), Stats. Sec. 313.15 (2), provides:

"*Allowance to Family.* The widow and minor children, or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the real estate, or both, of the deceased as the county court shall judge necessary for their maintenance until an award shall be made or refused as provided in subsection (4) (a) of this section, or their shares assigned to them."

The trial court denied the petition on the ground that appellant did not *constitute the family* of the decedent. It determined that the phrase "constituting the family of the deceased testator" was one of qualification, not one of definition. Since appellant did not live with testator for at least seven years prior to his death and received no contributions toward her maintenance and support from him, she did not qualify as "constituting the family of the decedent."

We do not decide whether the language construed by the court imposes an additional qualification upon the one seeking the allowance or merely defines the words "widow and minor children," which precede it, and limits the degree of relationship to the testator, to widows and minor children only, for purposes of this allowance, be-

cause the reasoning in *Estate of Mayer*, ante, p. 497, 139 N. W. (2d) 111 controls.

In *Estate of Mayer, supra* (p. 501), we said in construing the provisions of sec. 313.15 (2), Stats., where the widow had relied (as here) on *Estate of Sullivan* (1930), 200 Wis. 590, 592, 229 N. W. 65:

"Appellant contends that while the county court has discretion under this statute in fixing the amount of a widow's allowance, the statute makes it mandatory that some allowance be ordered. She especially relies upon this statement appearing in *Estate of Sullivan:*

" 'It is considered that the object and purpose of the statute is to substitute the estate of the husband for the deceased husband during the progress of the settlement of the estate so far as support of the family is concerned. What allowance should be made is to be determined under all the facts and circumstances. Ordinarily in the case of a solvent estate it would be such sum as would maintain the family in approximately the same degree of comfort in which they were maintained by the husband. Under the statute the widow is entitled to an allowance for her support during the progress of the settlement of the estate and it should be paid when and as there are funds available for that purpose, and the fact that the widow has been able to survive by means of aid extended to her or loans made by her friends or relatives does not deprive her of her rights under the statute.'

"While the aforequoted statement makes clear the purpose of the family allowance provided for by sec. 313.15 (2), Stats., it does not declare that such an allowance must be granted in every case of a solvent estate. The use of the word 'Ordinarily' at the beginning of the third sentence suggests that there may be exceptions to the rule therein announced. The statutory words 'such reasonable allowance . . . as the county court shall judge necessary' also are subject to the reasonable interpretation that there might be situations in which a county court could determine that no allowance was necessary. On a number of occasions this court has affirmed the plain meaning of the statute by stating that the matter of allowances is a matter within the discretion of the probate court. As this court said in *Ford v. Ford* [ (1891),

80 Wis. 565, 569, 50 N. W. 409] in upholding an allowance by the circuit court:

  " 'Under all the circumstances, the allowance seems quite reasonable, and no good reason appears why this court should now interfere with it. Moreover, the amount of the allowance is a matter within the sound discretion of the court, and the order therefor may be vacated or changed by the county court at any time hereafter for causes arising since it was made.'

  "We have no hesitancy in holding that sec. 313.15 (2), Stats., does not lay down a mandatory requirement that an allowance must be ordered in every solvent estate in which an application therefor is made. Where, as here, such an application has been wholly denied the issue on review by this court is whether the denial constitutes an abuse of discretion." (Footnotes omitted.)

In *Estate of Mayer, supra,* it was significant that the decedent was survived by no minor children, and that the widow derived most of her income from provisions made for her by the decedent.

Here, also, Jankewicz was survived by no minor children, so the allowance is sought solely for the widow. From the state of the record it is a fair and reasonable inference that appellant has already derived a substantial sum from the property settlement adjudged in the divorce decree of 1941. Since appellant has shown neither need for the allowance (she being self-supporting), nor that she was accustomed to receiving sums from decedent for her maintenance and support while he lived, the court did not abuse its discretion in denying her petition. Appellant has shown only that she maintained the legal status of wife of the decedent. This showing alone is insufficient to compel the probate court to grant an allowance under sec. 313.15 (2), Stats.

Under the reasoning in *Estate of Sullivan, supra,* that the allowance exists to place the widow in the same degree of comfort maintained for her by her husband, appellant is not entitled to the allowance, since her mainte-

nance and support are now derived independent of decedent, and were even while he lived.

Appellant's petition for allowances included a claim under sec. 313.15 (4) (a), Stats., which provides:

"(4) *Allowances for Funeral Expenses and to Widow and Children.* (a) If the total value of an estate exceeds the dispositions made therefrom under the preceding subsections the county court may, in its discretion, assign from the residue of such estate a sum or value not exceeding $2,000 for the use and support of the widow and minor children of the deceased; and if there be no widow, for the support of the minor children; and if there is a widow but no minor children, for the support of the widow, in either case in such proportion as the judge may determine."

This subsection is clearly one designed to be secondary to the subsections preceding it, and it is made expressly discretionary. Appellant has not presented any evidence to support a finding of abuse of discretion. Therefore, the court's denial of her petitions must stand.

*By the Court.*—Orders affirmed.